## Ella Dean v. The State.

### No. 2884.    Decided December 17, 1913.

**1.—Keeping Disorderly House—Plea of Guilty.**

Where the court promptly sustained objections to testimony that the defendant, through her attorney, had agreed to enter a plea of guilty, and required the State to prove its case, there was no reversible error.

**2.—Same—Requested Charges.**

In the absence of bills of exception to the refusal of requested charges, the matter can not be reviewed.

**3.—Same—Charge of Court.**

Where the information charged the defendant as lessee of the premises, which was supported by the evidence, and the court copied the entire statute in his charge, this, under the circumstances, presented no reversible error.

**4.—Same—Evidence—Sufficiency of the Evidence.**

Where the evidence admitted on the trial of keeping a house of prostitution was admissible and sufficient to sustain the conviction, there was no error.

Appeal from the County Court of Gregg. Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of keeping a house of prostitution; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of the offense of keeping a house of prostitution, and her punishment assessed at a fine of $200 and twenty days confinement in the county jail.

In bills of exception it is shown that the county attorney, by appellant's attorney and the county clerk, undertook to prove that appellant through her attorney had agreed to enter a plea of guilty at this term of court. The court promptly sustained appellant's objections to any such

proof being made, and having done so, the bills present no error. While it is true, if an agreement had been entered into it ought to have been lived up to, yet if the appellant did not desire to enter a plea of guilty, as her counsel agreed she would do, it was her right not to do so, and let the State prove her guilt if .it could do so, and the court correctly held that this agreement of counsel. was not admissible in evidence.

There were several special charges requested, some of which were not given, but no exceptions were reserved to the failure of the court to give such instructions, and this being a misdemeanor, the questions are not presented in a way that we would be authorized to review them. There is one complaint in the motion for a new trial to the charge as given, that it authorized a conviction of appellant upon a state of facts not supported by the evidence. The information did charge that she was the lessee of the premises, and kept the house as a bawdy house or house of prostitution, and the evidence amply and fully supports these allegations, and that in defining the offense the court copied the entire statute, would not under the *circumstances* present reversible error. The statement of facts in this case is not presented in a very intelligent shape. It embraces more objections and remarks of counsel for appellant and the State than it does the testimony of the witnesses. However, we have carefully studied it, and no testimony was admitted by the court that was not properly admissible.

The judgment is affirmed.                                    *Affirmed.*