**Lorenzo WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61468.**

Court of Criminal Appeals of Texas, Panel 1.

Jan. 27, 1982.

Larry D. Robertson, Abilene, for appellant.

Patricia A. Elliott, Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

OPINION

McCORMICK, Judge.

Appellant was convicted by a jury of burglary of a habitation. The jury assessed punishment at twenty years in the Texas Department of Corrections.

Appellant contends that the trial court erred in admitting into evidence a confession given by appellant to police because the confession was improperly induced. Prior to the introduction into evidence of the confession, the court held a hearing outside the presence of the jury to determine the admissibility of the confession.

The evidence adduced at that hearing showed appellant was arrested shortly after midnight on July 27, 1978. On the afternoon of August 2, 1978, appellant was questioned by Abilene officers at the Taylor County jail.

It is uncontroverted and acknowledged by the officers involved that the confession used in evidence in this case was obtained as the result of an expressed "deal" made with the uncounselled appellant and suggested by the police officers and representatives of the district attorney's office. The deal was that if appellant "cleared up" all of his burglaries and signed the confession he would not get more than ten years in the Texas Department of Corrections, and criminal charges that were then pending against his mother, who was in jail, would be dismissed. An officer testified that appellant was anxious to help his mother.

Apparently, the State later felt that appellant reneged on his part of the bargain and the case now before us was tried using the confession obtained on August 2, 1978. The State also proceeded with prosecution of appellant's mother.

A confession obtained as a result of a benefit positively being promised to the defendant made or sanctioned by one in authority and of such character as would be likely to influence a defendant to speak untruthfully is not admissible, *Washington v. State*, 582 S.W.2d 122 (Tex.Cr.App.1979). The facts here fall into that category. See *Roberts v. State*, 545 S.W.2d 157 (Tex.Cr. App.1977).

The judgment is reversed and the cause is remanded.