**Garvin RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–83–019–CR.**

Court of Appeals of Texas, Texarkana.

Jan. 24, 1984.

Rehearing Denied Feb. 28, 1984.

Harry R. Heard, Longview, for appellant.

R. Clement Dunn, John W. Tunnell, Asst. Dist. Attys., Longview, for appellee.

CORNELIUS, Chief Justice.

In a jury trial, Garvin Richardson was convicted of the offense of engaging in organized criminal activity [1] by conspiring with others to commit theft of crude oil over the value of $10,000.00. Punishment, enhanced by previous convictions, was set at life imprisonment. Richardson assigns several grounds of error, one of which is

---

**1.** Tex. Penal Code Ann. § 71.01 (Vernon Supp.   1982–1983).

that reversible error was committed when the State was allowed to introduce at the guilt-innocence stage of the trial inculpatory statements made by Richardson in the process of negotiating a plea bargain which was later revoked. Because we sustain that ground of error we must reverse the judgment and remand the cause for a new trial.

The aborted plea bargain was negotiated in the district attorney's office with the district attorney, a special prosecutor, and several other law enforcement officers present. Richardson was fully warned of his rights and his attorney was present at all times during the negotiations. The State concedes, and it was proven without dispute, that *in order to induce Richardson to plead guilty and testify* to the criminal activity, he was promised that the district attorney would recommend a five year sentence, he would be given trusty status immediately upon beginning his imprisonment, he would be able to select the prison unit of his choice, and the law enforcement officers would use their influence to get him a parole as soon as possible. In the course of the negotiations Richardson made several statements damaging to his defense which, over his objection, were admitted into evidence at his trial after the plea bargain failed.

▇▇▇ An incriminating statement is rendered inadmissible if it is induced by promises which are (1) positive, (2) made or sanctioned by someone in authority, (3) of some benefit to the accused, and (4) of such character as would be likely to influence the accused to speak untruthfully. *Walker v. State,* 626 S.W.2d 777 (Tex.Cr.App.1982);

*Harville v. State,* 591 S.W.2d 864 (Tex.Cr. App.1979); *Washington v. State,* 582 S.W.2d 122 (Tex.Cr.App.1979); *Fisher v. State,* 379 S.W.2d 900 (Tex.Cr.App.1964). That the first three of these requirements are met here is obvious; the fourth is met because Richardson was facing a possible life sentence, as opposed to the five year sentence with the attendant benefits as promised. In addition, the statements were part of an uncompleted plea bargain. Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon Supp.1982–1983) provides that when a plea bargain is rejected by the court, neither the plea nor any statement made by the defendant at the hearing may be used against him in a subsequent proceeding. Although Article 26.13 does not specifically cover the exact situation involved in this case, it seems to be the clear intent that any statement made in negotiating a plea bargain is not to be used against the accused if the plea bargain is not completed. See *Dean v. State,* 72 Tex.Cr.R. 274, 161 S.W. 974 (1913). Indeed, the similar federal rule expressly makes any statement "made in connection with" an uncompleted plea bargain inadmissible. The rule is also recommended in the ABA standards of criminal justice,[2] and is followed in a majority of jurisdictions. See *Moulder v. State,* 154 Ind.App. 248, 289 N.E.2d 522 (1972); *Commonwealth v. Cohen,* 133 Pa.Super. 437, 2 A.2d 560 (1938).

As recognized by the United States Supreme Court,[3] the plea bargaining process is an important part of the criminal justice system. Public policy favors the conclusion of litigation by compromise and settlement, both in civil and criminal cases, and

2. ABA Standards for Criminal Justice, Ch. 14–3.4 (2d ed. 1980).

3. Chief Justice Burger has stated:
"The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged.... Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it

avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned." *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

any procedure which subsequently places a party in jeopardy because of statements made in an attempt to reach such a compromise works against that policy. Settlement negotiations have long been inadmissible in civil actions. The reasons supporting such a rule apply with equal or greater force to criminal cases.

The State argues that because Richardson's attorney was present, there was no possibility of involuntariness and the statements should have been admitted. We cannot agree. We find nothing in the authorities to indicate that the rule does not apply when the accused's attorney is present. In fact, Article 26.13 presupposes that an attorney is present and involved in the bargain, yet the statements are expressly made inadmissible if the plea bargain fails.

■ Richardson also raises insufficiency of the evidence grounds, and as required by *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we have considered them in order to determine if a retrial would be barred by the double jeopardy clause of the United States Constitution. We have carefully reviewed the statement of facts and have concluded that the evidence is sufficient to sustain the conviction. It is not necessary that we pass upon the other grounds of error.

The judgment of the trial court is reversed and the cause is remanded for a new trial.