Steven Lunt WAYNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00901–CR.

Court of Appeals of Texas,
Dallas.

Aug. 29, 1986.

Ronald D. Hinds, Dallas, for appellant.

Ruth E. Plagenhoef, Dallas, for appellee.

Before STEPHENS, DEVANY and McCRAW, JJ.

McCRAW, Justice.

Steven Lunt Wayne appeals his jury conviction for the unlawful possession with intent to deliver amphetamine, a controlled substance. The jury assessed punishment at thirty-five years and a $25,000 fine. In five grounds of error Appellant asserts that he was entrapped as a matter of law, the trial court erred by admitting into evidence certain statements and exhibits, and in denying his motion for dismissal under the Speedy Trial Act. We agree that the trial court erred in admitting for jury consideration statements made by appellant during a plea bargaining session; consequently, we reverse the trial court's judgment and remand for a new trial.

Appellant was introduced to Rick Easterwood, a Texas Department of Public Safety narcotics investigator, by a police informant. Easterwood purchased an ounce of amphetamine from appellant and then indicated his interest in purchasing five pounds of the substance. Easterwood communicated with appellant by telephone and met with him several times while arranging the purchase. Appellant was encouraged to participate in the sale by the informant, who owed appellant approximately $700. The sale would enable the informant to discharge his debt. Easterwood met with appellant and placed a large amount of cash in appellant's hands to demonstrate his ability to pay and to establish his credibility as a serious buyer. Approximately one month later appellant informed Easterwood that three pounds of amphetamine was available and that he was prepared to make a sale. Appellant was personally in possession of one and one-half pounds of amphetamine when he met Easterwood to complete the sale. The balance of the three-pound quantity was held by an associate of appellant. Both men were arrested for the unlawful possession with intent to deliver the amphetamine.

The jury was instructed on the defense of entrapment and it answered the charge against appellant by finding him guilty as charged in the indictment. Appellant's first ground of error alleges that he was entrapped as a matter of law.

Easterwood testified that he initiated the idea of a five pound quantity when he met appellant on November 5, 1984; Easterwood then represented to appellant that he was connected with a ski lodge in Colorado and needed a large amount of amphetamine. It is not disputed that on November 8, 1984, Easterwood placed $57,000 in appellant's hands; this was allegedly more money than appellant had ever seen before. Easterwood testified that between November 5 and the December 10 arrest date there had been four face-to-face meetings, only ten to fifteen telephone conversations that had been tape-recorded, and possibly six to eight conversations that had not been tape-recorded. Appellant's girlfriend testified that Easterwood called several times a week; a friend who lived with appellant for a few months testified that he had answered the telephone when Easterwood was trying to contact appellant "probably fifteen or twenty times." Appellant asserts that Easterwood called him on the telephone and on his beeper every other day, sometimes two to four times a day, for a total of fifty to seventy-five times, and that these allegedly numerous, "persistent" telephone calls "coerced" appellant into selling the amphetamine to Easterwood. Additionally, appellant insists he was induced by the informant's urgings and the fact that appellant himself was an amphetamine user. Appellant testified that he sold the drug "to keep a supply for [himself]." Easterwood testified that there was no coercion on his part as appellant had assured him from the beginning of their dealings that he could produce the large quantity of amphetamine.

Appellant's testimony raises the issue of entrapment. The objective test for entrapment is set out in Texas Penal Code section 8.06(a):

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Once the trier of fact determines that there was an inducement, it is to consider only the nature of the State agent's activity, without reference to the predisposition of the particular defendant. *Rodriguez v. State,* 662 S.W.2d 352, 355 (Tex.Crim.App. 1984); *Johnson v. State,* 650 S.W.2d 784, 788 (Tex.Crim.App.1983). Normally, the factual issue of entrapment is a question for the jury, unless as a matter of law the accused has established beyond a reasonable doubt that he was entrapped. *Melton v. State,* 713 S.W.2d 107 (Tex.Crim.App. 1986) (not yet reported). When the issue of entrapment is controverted, the defendant has not proven entrapment as a matter of law. *Id.* When the evidence on the issue of entrapment presented by the defendant and the State is in conflict, the issue should be submitted to the jury. *Id.* Since the testimony of appellant and Easterwood conflicts, the trial court properly submitted the issue to the jury. *Rodriguez,* 662 S.W.2d at 355; *see Soto v. State,* 681 S.W.2d 602, 604 (Tex.Crim.App.1984). As the jury found appellant to be guilty, we overrule appellant's first ground of error.

Appellant's fifth ground of error claims that the trial court erred in denying his pro-se motion for dismissal under the Speedy Trial Act.

The Speedy Trial Act prescribes that when a defendant is accused of a felony the court shall set aside an indictment, information, or complaint if the State is not ready for trial within 120 days of the commencement of a criminal action. TEX. CODE CRIM.PROC.ANN. art. 32A.02, § 1 (Vernon Supp.1986). Appellant was arrested on December 24, 1984, and indicted on December 28, 1984. The criminal action commenced at the time of the arrest. *Hull v. State,* 699 S.W.2d 220, 221 (Tex.Crim. App.1985). The State filed a written announcement of ready on March 29, 1985, asserting that it had been ready since January 30, 1985. The State's announcement of ready *within* the statutory period establishes a prima-facie case of compliance with the Texas Speedy Trial Act. *Crawford v. State,* 703 S.W.2d 655, 660 (Tex.Crim.App. 1986); *Ex parte Hilliard,* 687 S.W.2d 316, 317 (Tex.Crim.App.1985). The State's announcement was made well within the 120 day time period, even if the time period is calculated using the March 29, 1985, date (92 days) rather than January 30, 1985, the date the State alleges it was first ready for trial. Once the State establishes a prima facie case of compliance with the Act, the burden is then on the defendant to show that the State was not ready within the time limit. *Crawford,* 703 S.W.2d at 660. Appellant has failed to meet this burden and, therefore, the ground of error is overruled.

In his second ground of error appellant complains that the trial court erred in admitting into evidence Easterwood's testimony concerning statements made by appellant in the course of the plea negotiation. At trial, a voir dire hearing was conducted outside the jury's presence to determine if a statement made by appellant while in custody was admissible for purposes of impeachment. Appellant's attorney objected to the admission of the statement as it was made in the plea negotiation process. The portion of Easterwood's testimony that appellant finds objectionable is reproduced below:

PROSECUTOR: All right. What statement did he make to you, if any, about the size or nature of his dealings?

DEFENSE ATTORNEY: To which we object on the grounds raised in the sub rosa hearing.

THE COURT: Overruled.

EASTERWOOD: During the course of our conversation, I just asked the defendant what he had been doing in the way of drug dealing in the metroplex area, and he made the statement to me that he was

the largest independent amphetamine dealer in the Dallas metroplex area.

During the voir-dire hearing Easterwood admitted that after appellant's arrest, while he was in custody in the Dallas County jail, the officer made an offer to appellant that "if he would turn some labs for [Easterwood, the officer] would help him on this case." The defense attorney characterized the "conversation" as "kind of a plea negotiation-type setting." Easterwood responded positively:

EASTERWOOD: Just trying to get some kind of grasp on whether or not his information was, number one, valid, or if it was the kind of information that we would be interested in, or that maybe another police agency might be interested in.

DEFENSE ATTORNEY: Okay. But in response to my question, I guess your answer is yes, then, this was in kind of a plea negotiation-type deal, you were seeing what you could get out of him and he was seeing what he could get out of you in return—

EASTERWOOD: Yes, sir.

DEFENSE ATTORNEY: —in regards to this case?

EASTERWOOD: Yes, sir.

DEFENSE ATTORNEY: Okay. Now, you didn't use him as a snitch for you following that time, did you?

EASTERWOOD: No, sir.

DEFENSE ATTORNEY: And that is a common practice of the DPS and other law enforcement agencies, after you've made an arrest on a drug case you frequently use those people as snitches?

EASTERWOOD: If the circumstances will allow, yes.

DEFENSE ATTORNEY: And depending on what information they say they've got for you?

EASTERWOOD: Yes.

This testimony demonstrates that not only did the defendant consider the conversation to be a plea-bargaining session, but the police officer conducting the interrogation considered it to be a plea-bargaining session. An incriminating statement is rendered inadmissible if it is induced by promises that are: (1) positive; (2) made or sanctioned by someone in authority; (3) of some benefit to the accused; and (4) of such character as would be likely to influence the accused to speak untruthfully. *Richardson v. State*, 667 S.W.2d 268, 269 (Tex.App.—Texarkana 1984, pet. ref'd); *see Walker v. State*, 626 S.W.2d 777, 778 (Tex.Crim.App.1982); *Fisher v. State*, 379 S.W.2d 900, 902 (Tex.Crim.App. 1964); *see also United States v. Robertson*, 582 F.2d 1356, 1365–68 (5th Cir.1978). The test is whether the accused was likely to view any promise as authoritative, and this test is to be determined by the standard of the person confessing. Law enforcement officers have been held to be within the meaning of "persons within authority." *Fisher*, 379 S.W.2d at 902 (quoting *Ethridge v. State*, 133 Tex.Crim.R. 287, 110 S.W.2d 576 (1937).) Viewing the circumstances surrounding the statement from the appellant's point of view we conclude that all four parts of the test have been met: (1) Easterwood's promise is positive: if appellant was used as an informant, Easterwood "would help him on this case"; (2) Easterwood was a law enforcement officer, a person in authority; (3) appellant would benefit from the plea bargain by having a police officer "help him on this case"; (4) the circumstances were such as would likely influence appellant to speak untruthfully due to the fact that he wanted to appear to be an important, influential person in drug-related activities, to induce the police to use him as an informant. Appellant's statement is not admissible into evidence as direct testimony, nor for purposes of impeachment. The plea-bargaining process has been recognized as an important and necessary integral aspect of the criminal justice system. *Robertson*, 582 F.2d at 1365; *Richardson*, 667 S.W.2d at 269. The defendant in the course of plea negotiations must be free to negotiate settlements without fear that his statements will later be used against him. *Robertson*, 582 F.2d at 1365. The defendant's statements made during plea negotiations

should not be admitted into evidence for *any* purpose. This policy facilitates free, meaningful dialogue between the defendant and the State. *See Richardson,* 667 S.W.2d at 269–70; *Robertson,* 582 F.2d 1367; *see also Washington v. State,* 582 S.W.2d 122, 124–25 (Tex.Crim.App.1979). Appellant's ground of error two is sustained. As this ground of error effectively disposes of this appeal, it is not necessary to address appellant's additional grounds of error. The judgment of the trial court is reversed and the cause is remanded for a new trial.