**UNITED STATES of America, Appellee,**

v.

**Albert BAKER and Paul Mazzilli, Defendants,**

**Paul Mazzilli, Defendant–Appellant.**

**No. 500, Docket 89–1320.**

United States Court of Appeals, Second Circuit.

Argued Feb. 12, 1991.

Decided Feb. 13, 1991.

Roger Bennet Adler, New York City, for defendant-appellant.

Jack Wenik, Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Emily Berger, Asst. U.S. Atty., of counsel), Brooklyn, N.Y., for appellee.

Before VAN GRAAFEILAND, WINTER and WALKER, Circuit Judges.

PER CURIAM:

Paul Mazzilli appeals from a judgment entered after a jury trial in the Eastern

District convicting him of one count of possessing stolen goods, in violation of 18 U.S.C. § 659, and one count of receiving stolen goods, in violation of 18 U.S.C. § 2315. This trial was his second on the present indictment, his previous conviction having been reversed on grounds of improper cross-examination by the first trial judge. *United States v. Mazzilli*, 848 F.2d 384 (2d Cir.1988). On this appeal, he asserts multiple grounds for reversal, all but one of which are meritless. The government concedes that his conviction on both counts is multiplicitous. We therefore vacate the Section 2315 conviction and remand for resentencing on the Section 659 conviction alone.

In November 1986, two truck trailers full of portable stereos, televisions, telephones, and electronic toys destined for North Carolina were stolen from a trucking yard in East Brunswick, New Jersey. Acting on information received from Albert Baker, the FBI began to investigate Mazzilli, a New York City firefighter and operator of a small video rental store in Brooklyn, in connection with the missing electronic equipment.

Special Agents Andrew Conlin and Coleen Nichols visited the home of Mazzilli's father in Brooklyn, where they encountered Mazzilli himself. Upon questioning, Mazzilli led the agents to the basement of the house, which was filled with boxes of the stolen electronic equipment. As the agents seized custody of the goods, Mazzilli asked Nichols whether she knew an FBI agent named George Hanna. After Nichols answered affirmatively, Mazzilli explained that he had heard that "Hanna has made deals for other people in the past" and "has a reputation in the neighborhood for making deals." Mazzilli proposed to Nichols that she "speak with George to see if ... maybe we can get together and make some sort of deal for myself."

■ Mazzilli contends that the district court erred in admitting Nichols's testimony about what Mazzilli said to her. He claims that Fed.R.Evid. 408 precludes admission of his statements to Nichols. We disagree.

Rule 408 states:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

We believe it fairly evident that the Rule applies only to civil litigation. The reference to "a claim which was disputed as to either validity or amount" does not easily embrace an attempt to bargain over criminal charges. Negotiations over immunity from criminal charges or a plea bargain do not in ordinary parlance constitute discussions of a "claim" over which there is a dispute as to "validity" or "amount." Moreover, Fed.R.Crim.P. 11(e)(6) explicitly addresses the exclusion of plea bargain negotiations and limits the statements excluded to those made to an "attorney" for the government. The very existence of Rule 11(e)(6) strongly supports the conclusion that Rule 408 applies only to civil matters. We therefore hold that Rule 408 did not preclude testimony as to Mazzilli's statements to Nichols.

■ We may quickly dispose of Mazzilli's other arguments. The evidence that Mazzilli could identify only as "Joey" the person from whom he purchased the stolen electronic equipment on extremely favorable terms, that he was unaware of any invoice for those goods until a "Global Imports" invoice was produced sometime af-

ter the agents discovered the stolen goods in his father's basement, and that he tried to arrange a "deal" with the FBI when confronted by the government investigators, was more than sufficient to allow the jury to conclude beyond a reasonable doubt that Mazzilli knew that the merchandise was stolen. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ Permitting the government to present evidence in rebuttal that "Global Imports" invoices could be purchased by the general public and were not documents from a real company was within the discretion of the trial judge, *see United States v. Casamento,* 887 F.2d 1141, 1172 (2d Cir. 1989), *cert. denied,* — U.S. —, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990), because the rebuttal bore directly on the issues raised by the invoice introduced by Mazzilli. *See United States v. Neary,* 733 F.2d 210, 220 (2d Cir.1984). None of Mazzilli's claims of prosecutorial misconduct could have affected the outcome of the case. Finally, not only was a conscious avoidance charge proper, but, given Mazzilli's claimed ignorance that the goods were stolen in the face of such highly suspicious circumstances, this was a paradigmatic case in which to give such an instruction. *See United States v. Mang Sun Wong,* 884 F.2d 1537, 1541–43 (2d Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990).

The government concedes, however, that Mazzilli's convictions for possession of stolen goods and receiving stolen goods are multiplicitous and should be merged. *See United States v. DiGeronimo,* 598 F.2d 746, 749–51 (2d Cir.), *cert. denied,* 444 U.S. 886, 100 S.Ct. 180, 62 L.Ed.2d 117 (1979). We thus affirm the conviction for possession under Section 659, vacate the conviction for receipt under Section 2315, and remand the case for resentencing on the Section 659 conviction alone. *See United States v. Sappe,* 898 F.2d 878, 882 (2d Cir.1990).