**Phillip MOSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–93–00001–CR.**

Court of Appeals of Texas, Texarkana.

Aug. 3, 1993.

Michael Player, Kilgore, for appellant.

C. Patrice Savage, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Phillip Moss appeals his conviction for murder. The jury assessed punishment at ninety-nine years' imprisonment. We find no error and affirm.

Moss first contends that the trial court erred by admitting two autopsy photographs into evidence. He argues that the probative value of the photographs was substantially outweighed by the danger of unfair prejudice. TEX.R.CRIM.EVID. 403; *Long v. State*, 823 S.W.2d 259, 271 (Tex.Crim.App.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992). For the same reason, Moss also challenges the introduction of a photograph from the crime scene.

In weighing the probative value of a photograph against the danger of unfair prejudice, the court must consider the inherent tendency that the photograph may have to encourage the resolution of material issues on an inappropriate emotional basis. *Fuller v. State*, 829 S.W.2d 191, 206 (Tex.Crim.App. 1992). The court must balance carefully against that inherent tendency the host of factors affecting probativeness, including the relative weight of the photographic evidence and the degree to which its proponent might be disadvantaged without it. *Id.* In conducting the balancing test, the court should consider factors such as the gruesomeness of the photographs, their detail and their size, whether they are black and white or color, whether they are close-up, and whether a body is clothed. *Long v. State*, 823 S.W.2d at 272. Generally, a photograph is admissible if verbal testimony of what it portrays is relevant to the case. *Long v. State*, 823 S.W.2d at 271 n. 18.

The crime scene photograph is in color and shows the victim lying on the ground, covered in some blood, receiving respiratory treatment from a medical technician. Officer Kenneth Pearson, one of the first two officers to arrive at the crime scene, testified that he took the photograph within ten minutes of his arrival. He testified:

When I arrived on the scene, Officer Bless and I, like I said, were together. And the EMS was shortly behind us. I observed a small car—Mustang type vehicle, maroon in color, was wrecked out in a chain link fence there in the 500 block of Wells Street. And there was a black male laying beside the car bleeding very badly around the face area—the nose and mouth.

The testimony was relevant, as was the photograph.

▪ Moss argues that the State did not articulate the photograph's probative value when an objection was made. There is no such requirement. The balancing of the photograph's probative value against the danger of unfair prejudice is a matter for the trial court. *See Long v. State,* 823 S.W.2d at 271; *Juhasz v. State,* 827 S.W.2d 397, 402 (Tex. App.—Corpus Christi 1992, pet. ref'd).

▪ Moss also objected to autopsy photographs taken by Detective Randy Hancock. The color photographs show the victim's head at two angles. One photograph, taken from the victim's left side, shows a bullet wound, not visible in the crime scene photograph, over the victim's left eye. The other photograph shows the victim's head from the right side and also shows part of his bare chest. Dr. James Bruce, who performed the autopsy, used the photographs to corroborate his testimony that the victim died from the single gunshot wound over the left eye.

Moss argues that the photographs are gruesome because they show in detail the fatal wound and the victim's "ghastly stare of death." We find the photographs have probative value that is not outweighed by the danger of unfair prejudice. The photographs clarify and support observations and conclusions about the victim's injury and reveal the manner of death. *Juhasz v. State,* 827 S.W.2d at 402; *Cooper v. State,* 783 S.W.2d 235, 238–39 (Tex.App.—Texarkana 1989, no pet.). The photographs are limited in number rather than cumulative. *Long v. State,* 823 S.W.2d at 273–75. In *Long,* the Court of Criminal Appeals ruled that photographs from an autopsy were inadmissible because they depicted the same injuries that were apparent in photographs from the crime scene. *Id.* That is not the case here; the fatal wound is visible only in the autopsy photographs. The trial court did not err by admitting the three photographs.

▪ In his second point of error, Moss argues that the trial court improperly excluded testimony at the punishment stage that during plea bargain negotiations the State offered to recommend a twenty-five-year sentence for him if he would plead guilty.

Moss contends that the court's action in excluding the evidence was based on the misconception that the State had filed a motion in limine to exclude evidence about plea negotiations. Moss states there was no motion in limine, and the State does not dispute this.

The State objected to the plea bargain evidence on the basis of relevance. Moss contends that the State's plea bargain offer was clearly relevant. He argues that the State prosecutors handle many murder cases, and thus know the appropriate punishment to assess based on the facts of each case.

The State also objected based on Tex. R.Crim.Evid. 410. However, Rule 410 excludes certain evidence obtained during plea discussions only when offered *against* the defendant.

The trial court's action is supported by Tex.R.Crim.Evid. 408. It provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount. *Evidence of conduct or statements made in compromise negotiations is likewise not admissible.*

(Emphasis added).

Because this rule is closely modeled after Fed.R.Evid. 408, we give persuasive value to federal decisions construing the federal rule. *See* Fed.R.Evid. 408; *Callaway v. State,* 818 S.W.2d 816 (Tex.App.—Amarillo 1991, pet. ref'd). The United States Court of Appeals for the Eighth Circuit has construed Federal Rule 408 as prohibiting evidence about government offers made during plea negotiations. *United States v. Verdoorn,* 528 F.2d 103, 107 (8th Cir.1976).

The United States Court of Appeals for the Second Circuit has held that Federal Rule 408 applies only to civil cases, *United States v. Baker,* 926 F.2d 179, 180 (2nd Cir.

1991), but that holding is not applicable to Texas. Texas has separate rules of evidence for civil and criminal cases, and the Rules of Criminal Evidence include Rule 408.

Both federal and Texas courts, including the United States Supreme Court, have recognized that plea bargaining is essential to the administration of justice. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *United States v. Verdoorn,* 528 F.2d at 107; *Richardson v. State,* 667 S.W.2d 268, 269 (Tex.App.—Texarkana 1984, pet. ref'd). Public policy favors the conclusion of litigation by compromise and settlement, both in criminal and civil cases. *Richardson v. State,* 667 S.W.2d at 269. Allowing a criminal defendant to introduce evidence about a sentence offered by the State during plea negotiations clearly militates against this policy. Parties would be reluctant to conduct plea bargaining if their offers were admissible in evidence if the negotiations failed. The trial court did not err by excluding Moss' testimony about the State's plea bargain offer.

For the reasons stated, we affirm the judgment.