KARCH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-504-CR

JASON SHANE KARCH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Jason Shane Karch of aggravated robbery and sentenced him to confinement for life and assessed a $10,000 fine.  In two points, Appellant complains that the trial court abused its discretion in denying his motion to suppress and that the evidence was legally insufficient to support his conviction.  We affirm.  

Around 8:00 p.m. on October 22, 2001, two men wearing Halloween masks entered a Chicken Express restaurant in Springtown, Texas, through the back door.  Although one of the men was carrying a gun, the restaurant employees initially thought a prank was being played on them due to the proximity of Halloween and the masks the men were wearing.  The man with the gun approached an employee, Mickey Schroeder, and demanded money.  Schroeder, still thinking the men were simply pulling a prank, pushed the man’s gun down a bit and turned to walk away.  As Schroeder turned, the man with the gun used the gun to hit Schroeder in the face, causing Schroeder to fall to the ground.  The man fired the gun and repeated his demand for money.  All of the customers and employees fled the restaurant except the shift leader, Shanna Patrick, who filled a bank bag with cash and checks and gave it to the man with the gun.

Appellant later provided a written statement, dated December 15, 2001,  confessing to committing the robbery of the Chicken Express restaurant with his roommate.  In Appellant’s statement, he states that he was the robber who held the gun, struck Schroeder in the face, and discharged the weapon.  At the time Appellant made his written confession, he was detained in the Wise County Jail for offenses not related to the case at hand.  On December 15, Appellant’s fiancé, Ashley Hopkins, came to visit Appellant at the Wise County Jail.  After Hopkins entered the visitation room, two deputies arrested her while Appellant watched.  Less than an hour later, Appellant made his statement confessing to the robbery.

Appellant was indicted for aggravated robbery of the Chicken Express on February 21, 2002.  Appellant thereafter filed a motion to suppress his confession and a hearing was held on October 24, 2002.  At the hearing, Appellant testified that Deputy K.C. Schoenthal told him that Hopkins was scheduled for a transfer to Parker County where she would be charged with aggravated robbery unless Appellant provided a statement regarding the robbery at the Chicken Express.  Appellant testified that he would not have provided his statement confessing to the robbery without Schoenthal’s assurance that Hopkins would be released from jail.

The State contended that Appellant could not have confessed to the robbery in reliance on a promise to release Hopkins from jail because Appellant made a confession prior to Hopkins’ arrest.  Schoenthal testified that he took Appellant’s videotape confession on the evening of December 14, 2001, the day before Hopkins’ arrest, and denied making any promises to Appellant.  The parties agreed that the video statement was inadmissible at the trial because Appellant had not been read the 
Miranda
 warnings before it was made.  Nevertheless, Appellant admitted at the suppression hearing that he agreed at the end of the video statement that he would make a written statement on the following day.

The trial court denied Appellant’s Motion to Suppress the written statement and filed findings of fact and conclusions of law.  In summary, the trial court found:

1. At the conclusion of the videotaped interview, Appellant admitted his involvement in the aggravated robbery offense.

2. No member of any law enforcement ever threatened, coerced, or otherwise intimidated Appellant to give any of his statements.

3. Schoenthal never made Appellant any promises regarding the disposition of Hopkins’ case prior to or during any of Appellant’s statements.

4. No law enforcement officer ever promised Appellant anything in return for his statement.

5. There was no evidence that Appellant was intoxicated or otherwise incapable of making a voluntary statement.

6. Appellant’s written statement was not rendered involuntary due to promises made by law enforcement officers.

7. Appellant’s statement was not rendered involuntary simply due to his viewing the arrest of Hopkins.

 

In his first point, Appellant argues that the trial court erred in failing to suppress Appellant’s statement.  Appellant’s entire argument states:

Of course, the standard of review places the appellant behind the proverbial eight ball because of the deference afforded the trial court judge in this situation.  

In spite of the standard of review, this case is an example of how a trial court may and did misjudge credibility.  It is patently clear from the testimony of Schoenthal that he was never going to answer simple, direct questions regarding the arrest of Hopkins in any other than an evasive manner.  Moreover, Schoenthal resorted to the tactic of invoking memory loss when asked directly about whether he had even discussed Hopkins with the appellant.  

In face of the evasiveness of Schoenthal, and the testimony of the appellant regarding promises made to him, the trial court erred in failing to suppress the statement of the appellant.  
See Walker v. State
, 626 S.W.2d 777 [Tex. Crim. App. 1982].

We construe Appellant’s argument and citation of 
Walker 
as an argument that the trial court erred in admitting Appellant’s statement because the confession was improperly induced.  We review a trial court’s ruling on a motion to suppress evidence for an abuse of discretion.  
Balentine v. State
, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); 
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  We afford almost total deference to a trial court’s determination of the historical facts that the record supports, especially when the trial court’s fact findings are based upon an evaluation of credibility and demeanor.  
State v. Ross
, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We afford the same amount of deference to the trial court’s rulings on mixed questions of law and fact, if the resolution of those questions turns on an evaluation of credibility and demeanor.  
Balentine
, 71 S.W.3d at 768; 
Guzman
, 955 S.W.2d at 88-89.  Because the trial court is the sole trier of fact and the judge of the credibility of the witnesses and the weight to be given their testimony, the trial court is free to believe any or all of a witness’ testimony.  
Maxwell v. State
, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); 
Ross
, 32 S.W.3d at 855; 
Allridge v. State
, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991), 
cert. denied
, 510 U.S. 831 (1993). 

A confession is inadmissible when it is obtained as a result of a benefit positively promised to a defendant, made by one in authority, and of such character that would likely influence a defendant to speak untruthfully.  
Arnold v. State
, 873 S.W.2d 27, 34 (Tex. Crim. App. 1993); 
Fisher v. State
, 379 S.W.2d 900, 902 (Tex. Crim. App. 1964).  Appellant testified at the hearing that he made the December 15 statement in reliance on a promise by Schoenthal that Hopkins would be released.  Schoenthal denied making any promises to Appellant.  Appellant admitted at the suppression hearing that he made the videotaped statement on the night of December 14 and that he promised at the end of the videotaped statement to make a written statement on the following day.  The trial court viewed the video statement at the hearing and was free to believe the testimony of Schoenthal.

Appellant argues, citing no example, that Schoenthal was evasive and refused to answer questions regarding the arrest of Hopkins.  We have reviewed Schoenthal’s testimony at the suppression hearing and conclude that the record supports the trial court’s judgment.  During cross-examination, the Appellant’s attorney asked Schoenthal whether he indicated to Appellant that the reason Hopkins had been arrested was because of his failure to cooperate in giving a written statement regarding the robbery.  Schoenthal answered “no.”  It is clear from the record that Schoenthal denied making any promises to Appellant that he would release Hopkins in exchange for Appellant’s confession, and the record does not reflect that Schoenthal refused to answer questions regarding Hopkins’ arrest.

Appellant relies on 
Walker 
to illustrate that the facts of this case rise to the level of an involuntary statement.  
Walker
, 626 S.W.2d at 778.  However, the facts in 
Walker 
do not support Appellant’s contention.  In 
Walker
, the Texas Court of Criminal Appeals reversed the suppression of a confession where the uncontroverted evidence showed that the police officers made a “deal” with Walker.  
Id
.  In that case, police officers acknowledged that they told Walker he would get no more than ten years’ confinement and that pending criminal charges against his mother would be dismissed in exchange for Walker’s confession.  
Id
.  Here, Appellant’s claims are controverted by his own testimony and the testimony of Schoenthal.  The trial court was free to believe the State’s evidence, to discount contrary evidence, and to resolve any inconsistencies in the testimony.  
Ross
, 32 S.W.3d at 855.  After reviewing the evidence, we conclude that the trial court did not abuse its discretion in denying Appellant’s motion to suppress.  We overrule point one. 

In his second point, Appellant contends that the evidence was legally insufficient to sustain Appellant’s conviction.  Appellant’s brief recognizes that, “[t]his point necessarily hinges on resolution of the first point of error in favor of the appellant; otherwise the sufficiency question stands in favor of the State.”  Because we overruled Appellant’s first point, we do not address Appellant’s second point.  

Conclusion

Accordingly, we overrule Appellant’s first point and affirm the trial court’s judgment. 
 

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH   

Tex. R. App. P. 
47.2(b)

DELIVERED: October 30, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.