KARCH V. STATE








 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-504-CR

JASON SHANE KARCH                                                          APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION



 
------------
        A jury convicted Appellant Jason Shane Karch of aggravated robbery and 
sentenced him to confinement for life and assessed a $10,000 fine. In two 
points, Appellant complains that the trial court abused its discretion in denying 
his motion to suppress and that the evidence was legally insufficient to support 
his conviction. We affirm. 
        Around 8:00 p.m. on October 22, 2001, two men wearing Halloween 
masks entered a Chicken Express restaurant in Springtown, Texas, through the 
back door. Although one of the men was carrying a gun, the restaurant 
employees initially thought a prank was being played on them due to the 
proximity of Halloween and the masks the men were wearing. The man with 
the gun approached an employee, Mickey Schroeder, and demanded money. 
Schroeder, still thinking the men were simply pulling a prank, pushed the man’s 
gun down a bit and turned to walk away. As Schroeder turned, the man with 
the gun used the gun to hit Schroeder in the face, causing Schroeder to fall to 
the ground. The man fired the gun and repeated his demand for money. All of 
the customers and employees fled the restaurant except the shift leader, 
Shanna Patrick, who filled a bank bag with cash and checks and gave it to the 
man with the gun. 
        Appellant later provided a written statement, dated December 15, 2001, 
confessing to committing the robbery of the Chicken Express restaurant with 
his roommate. In Appellant’s statement, he states that he was the robber who 
held the gun, struck Schroeder in the face, and discharged the weapon. At the 
time Appellant made his written confession, he was detained in the Wise 
County Jail for offenses not related to the case at hand. On December 15, 
Appellant’s fiancé, Ashley Hopkins, came to visit Appellant at the Wise County 
Jail. After Hopkins entered the visitation room, two deputies arrested her while 
Appellant watched. Less than an hour later, Appellant made his statement 
confessing to the robbery. 
        Appellant was indicted for aggravated robbery of the Chicken Express on 
February 21, 2002. Appellant thereafter filed a motion to suppress his 
confession and a hearing was held on October 24, 2002. At the hearing, 
Appellant testified that Deputy K.C. Schoenthal told him that Hopkins was 
scheduled for a transfer to Parker County where she would be charged with 
aggravated robbery unless Appellant provided a statement regarding the robbery 
at the Chicken Express. Appellant testified that he would not have provided his 
statement confessing to the robbery without Schoenthal’s assurance that 
Hopkins would be released from jail. 
        The State contended that Appellant could not have confessed to the 
robbery in reliance on a promise to release Hopkins from jail because Appellant 
made a confession prior to Hopkins’ arrest. Schoenthal testified that he took 
Appellant’s videotape confession on the evening of December 14, 2001, the 
day before Hopkins’ arrest, and denied making any promises to Appellant. The 
parties agreed that the video statement was inadmissible at the trial because 
Appellant had not been read the Miranda warnings before it was made. 
Nevertheless, Appellant admitted at the suppression hearing that he agreed at 
the end of the video statement that he would make a written statement on the 
following day. 
        The trial court denied Appellant’s Motion to Suppress the written 
statement and filed findings of fact and conclusions of law. In summary, the 
trial court found: 
1.At the conclusion of the videotaped interview, Appellant
admitted his involvement in the aggravated robbery offense.
 
2.No member of any law enforcement ever threatened, 
coerced, or otherwise intimidated Appellant to give any of his 
statements.
 
3.Schoenthal never made Appellant any promises regarding the 
disposition of Hopkins’ case prior to or during any of Appellant’s 
statements.
 
4.No law enforcement officer ever promised Appellant anything 
in return for his statement. 
 
5.There was no evidence that Appellant was intoxicated or 
otherwise incapable of making a voluntary statement. 
 
6.Appellant’s written statement was not rendered involuntary 
due to promises made by law enforcement officers. 
 
7.Appellant’s statement was not rendered involuntary simply 
due to his viewing the arrest of Hopkins. 

        In his first point, Appellant argues that the trial court erred in failing to 
suppress Appellant’s statement. Appellant’s entire argument states: 
Of course, the standard of review places the appellant behind
the proverbial eight ball because of the deference afforded the trial
court judge in this situation. 
 
In spite of the standard of review, this case is an example of 
how a trial court may and did misjudge credibility. It is patently 
clear from the testimony of Schoenthal that he was never going to 
answer simple, direct questions regarding the arrest of Hopkins in 
any other than an evasive manner. Moreover, Schoenthal resorted 
to the tactic of invoking memory loss when asked directly about 
whether he had even discussed Hopkins with the appellant. 
 
In face of the evasiveness of Schoenthal, and the testimony 
of the appellant regarding promises made to him, the trial court 
erred in failing to suppress the statement of the appellant. See 
Walker v. State, 626 S.W.2d 777 [Tex. Crim. App. 1982]. 
 
        We construe Appellant’s argument and citation of Walker as an argument 
that the trial court erred in admitting Appellant’s statement because the 
confession was improperly induced. We review a trial court’s ruling on a 
motion to suppress evidence for an abuse of discretion. Balentine v. State, 71 
S.W.3d 763, 768 (Tex. Crim. App. 2002); Oles v. State, 993 S.W.2d 103, 106 
(Tex. Crim. App. 1999). We afford almost total deference to a trial court’s 
determination of the historical facts that the record supports, especially when 
the trial court’s fact findings are based upon an evaluation of credibility and 
demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the 
same amount of deference to the trial court’s rulings on mixed questions of law 
and fact, if the resolution of those questions turns on an evaluation of credibility 
and demeanor. Balentine, 71 S.W.3d at 768; Guzman, 955 S.W.2d at 88-89. 
Because the trial court is the sole trier of fact and the judge of the credibility of 
the witnesses and the weight to be given their testimony, the trial court is free 
to believe any or all of a witness’ testimony. Maxwell v. State, 73 S.W.3d 
278, 281 (Tex. Crim. App. 2002); Ross, 32 S.W.3d at 855; Allridge v. State, 
850 S.W.2d 471, 492 (Tex. Crim. App. 1991), cert. denied, 510 U.S. 831 
(1993).
        A confession is inadmissible when it is obtained as a result of a benefit 
positively promised to a defendant, made by one in authority, and of such 
character that would likely influence a defendant to speak untruthfully. Arnold 
v. State, 873 S.W.2d 27, 34 (Tex. Crim. App. 1993); Fisher v. State, 379 
S.W.2d 900, 902 (Tex. Crim. App. 1964). Appellant testified at the hearing 
that he made the December 15 statement in reliance on a promise by 
Schoenthal that Hopkins would be released. Schoenthal denied making any 
promises to Appellant. Appellant admitted at the suppression hearing that he 
made the videotaped statement on the night of December 14 and that he 
promised at the end of the videotaped statement to make a written statement 
on the following day. The trial court viewed the video statement at the hearing 
and was free to believe the testimony of Schoenthal. 
        Appellant argues, citing no example, that Schoenthal was evasive and 
refused to answer questions regarding the arrest of Hopkins. We have 
reviewed Schoenthal’s testimony at the suppression hearing and conclude that 
the record supports the trial court’s judgment. During cross-examination, the 
Appellant’s attorney asked Schoenthal whether he indicated to Appellant that 
the reason Hopkins had been arrested was because of his failure to cooperate 
in giving a written statement regarding the robbery. Schoenthal answered 
“no.” It is clear from the record that Schoenthal denied making any promises 
to Appellant that he would release Hopkins in exchange for Appellant’s 
confession, and the record does not reflect that Schoenthal refused to answer 
questions regarding Hopkins’ arrest. 
        Appellant relies on Walker to illustrate that the facts of this case rise to 
the level of an involuntary statement. Walker, 626 S.W.2d at 778. However, 
the facts in Walker do not support Appellant’s contention. In Walker, the Texas 
Court of Criminal Appeals reversed the suppression of a confession where the 
uncontroverted evidence showed that the police officers made a “deal” with 
Walker. Id. In that case, police officers acknowledged that they told Walker 
he would get no more than ten years’ confinement and that pending criminal 
charges against his mother would be dismissed in exchange for Walker’s 
confession. Id. Here, Appellant’s claims are controverted by his own testimony 
and the testimony of Schoenthal. The trial court was free to believe the State’s 
evidence, to discount contrary evidence, and to resolve any inconsistencies in 
the testimony. Ross, 32 S.W.3d at 855. After reviewing the evidence, we 
conclude that the trial court did not abuse its discretion in denying Appellant’s 
motion to suppress. We overrule point one. 
        In his second point, Appellant contends that the evidence was legally 
insufficient to sustain Appellant’s conviction. Appellant’s brief recognizes that, 
“[t]his point necessarily hinges on resolution of the first point of error in favor 
of the appellant; otherwise the sufficiency question stands in favor of the 
State.” Because we overruled Appellant’s first point, we do not address 
Appellant’s second point. 
Conclusion
        Accordingly, we overrule Appellant’s first point and affirm the trial court’s 
judgment. 

                                                                  PER CURIAM 
 
PANEL F:   HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH 
Tex. R. App. P. 47.2(b)

DELIVERED: October 30, 2003