**Mark Edwin HARDESTY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 68447, 68449.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 8, 1984.

Rehearing Denied April 18, 1984.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty. and Ronald D. Hinds, Gerry Holden-Meier and Knox Fitzpatrick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

Before us are appeals from two convictions for burglary of a building and a revocation of probation in which sentences were imposed at not less than two nor more than eight, eight and five years confinement, respectively.

The only evidence adduced which connected appellant with the two burglaries for which he was convicted and for which his probation was revoked in the third cause, were two written extrajudicial inculpatory statements. Appellant contends those statements should have been excluded because they were obtained as a result of a promise of benefit and were therefore involuntary within the meaning of Article 38.22, V.A.C.C.P. and the Constitutions of the United States and this State.

On February 21, 1980, at approximately 6:30 a.m., appellant was arrested pursuant to a warrant by Detective Jim Roberts of the Irving Police Department; he was warned and taken to the Irving City Jail. In Detective Roberts' office, appellant was again warned. According to Roberts, appellant,

"... asked us [1] exactly how many cases we would file against him and we told him that he would be filed on for one case if he cleaned up all offenses *he had committed in Irving.* And he agreed to that and he didn't want to talk to an attorney until he had cleaned up his business...." [2]

Appellant proceeded to give four consecutive statements concerning four different burglaries, one of which occurred in Irving and underlies the conviction in our Cause No. 68,449;[3] another offense occurred in Grand Prairie and forms the basis for conviction in our Cause No. 68,448.[4] The other two statements were not included in the record.

At the hearing on the motion to suppress, Detective Roberts denied under direct examination that he had promised appellant any reward or benefit in order to obtain the statements. On cross examination of Roberts, the following occurred:

"Q: You said also a moment ago that you made no promise of reward or benefit in order to get [appellant] to sign these statements?

A: That's correct.

Q: *Didn't you say that you told him if he signed the statements you would only file one case on him?*

A: *Yes, sir.*

Q: Is that a reward or benefit?

A: No, Sir. Because he asked me what Grand Prairie was going to do and I told him, 'I have no idea.'

Q: But you took four statements from him; didn't you?

A: That's correct.

Q: But you promised to file only one cause on him if he would sign these four statements, didn't you?

A: I talked to him about that one offense.

Q: Well, the question is, did you not tell him that if he would sign the statements you would only file one case on him?

A: I talked to him about that one statement, the original statement, the very first statement that was taken.

Q: Okay.

A: *The other three statements had no bearing on that one.*

Q: *But you did tell him, though, if he signed it you would only file one case?*

A: *Yes, sir, on that statement.*"

The trial judge was understandably confused by the Detective's responses. He asked, "Which statement was that? Which exhibit?" At this point, the prosecutor took over and it was clarified that the witness was speaking of State's Exhibit No. 1 concerning an offense which occurred in Irving. The prosecutor continued:

"Q: Now, with respect to the other statement, State's Exhibit No. 2, *you didn't promise him anything with that, did you?*

A: No, sir, I didn't.

Q: Because that case actually occurred in Grand Prairie, Texas; is that correct?

A: That's correct.

Q: And *any promise you made, did that not have to do simply with State's Exhibit Number 1* that you felt there was one offense committed as reflected in the State's Exhibit Number 1, and that you would just file that one case because, in

---

1. An Investigator Ball was also present.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. This statement was admitted as State's Exhibit No. 1.

4. This conviction in turn formed the basis for the revocation of probation in our Cause No. 68,447. Appellant's statement confessing its commission was admitted as State's Exhibit No. 2.

fact, you had that one case there in Irving, Texas; correct?

A: That's correct."[5]

Resuming crossexamination, defense counsel inquired:

"Q: Well, you have some other cases that he signed statements concerning, didn't you?

A: Yes, sir.

Q: *And you didn't file those, did you?*

A: *They weren't mine to file,* sir.

Q: Who do they belong to?

A: Grand Prairie."

The trial court overruled appellant's motion to suppress and entered the following written findings of fact relevant to our inquiry:

"The Court finds from the evidence presented that no claim is made by the evidence that the Defendant was induced to make any statement by any promises made by Officer J.T. Roberts, and the Court finds that no promises in fact were made calculated to induce the Defendant into making the written statement in the cause."

 Thereafter, a trial on the merits was convened in the three causes before a different judge. The issue regarding the voluntariness of the two confessions was raised by the State without objection by appellant.[6] Detective Roberts testified he

promised appellant no reward or benefit in order to obtain four statements. When the prosecutor offered State's Exhibits Nos. 1 and 2, defense counsel requested an opportunity to question the witness before the statements were admitted. Some of that testimony follows:

"Q: * * * Do you recall having a conversation with this Defendant which you told the Defendant that if he would sign the four statements, you would file only one case?

A: *No, Sir, I never told him that.*

\* \* \* \* \* \*

Q: You said that earlier in the earlier hearing. Would you like to—

A: *No, Sir, I didn't say it that way.*[7]

Q: All right. Well then, tell us what you did tell him.

\* \* \* \* \* \*

A: Mr. Hardesty asked me what I could do for him. * * * *And he told me that what he would tell me would depend on what I could do for him.* * * * And I told him that I could not vouch for any other agency other than my own. * * * And *whatever business he had to clean up in the City of Irving, that I would file one case on him.*

---

**5.** To further complicate the matter, this response indicates the witness' promise to appellant was made *after* appellant had given State's Exhibit No. 1 which indicated a single offense in Irving. This, of course, is in direct conflict with his initial testimony to the effect that he and appellant had this bargaining discussion *before* appellant gave any statements.

**6.** When appellate courts are asked to determine whether the trial court erred in overruling a pretrial motion the general rule is that we consider only evidence adduced at hearing on that motion and do not resort to testimony subsequently elicited at trial because the ruling in issue was not based on the latter. *Accord: Wilkerson v. State,* 657 S.W.2d 784 (Tex.Cr.App. 1983). But where the ground of error complains of the admission of evidence at trial, and the issue has been consensually relitigated by

the parties during trial on the merits, consideration of the relevant trial testimony is appropriate. The procedure generally distills to "defendant's choice" because the admissibility of an arrest, search, confession and the like, are not material issues on which the State bears the burden of proof at trial—unless raised by the defendant. Therefore, any attempt by the State to first interject evidence relevant only to such issues may be foiled by a proper objection by the defense. See, e.g., *Gaston v. State,* 574 S.W.2d 120 (Tex.Cr.App.1978). But if, as here, the State raises the issue at trial either without objection or with subsequent participation in the inquiry by the defense, the defendant has made an election to reopen the evidence.

**7.** Unfortunately, that was exactly how the witness had previously stated it. See *ante* at page 2.

Q: All right. And how many pieces of business did he clean up in the City of Irving?

A: Not very many.

Q: Well, three?

A: Two or three.

\* \* \* \* \* \*

Q: *And you took statements on those, didn't you?*

A: *Yes, Sir, I believe I did.*

Q: But you did not file on those?

A: No, Sir, I did not.

Q: *And you did not file on those because you told him you would not file on those?*

A: *I would not file the cases or the crimes he had committed within the City of Irving.* \* \* \* I told him as far as other agencies, that I did not have that authority to make that—any sort of promise or deal with him \* \* \* that that would be solely up to that department.

Q: But you did, in effect, promise him that if he would make statements and come clean, you would file only one case?

A: No, Sir, I did not promise him anything.

Q: No, Sir?

A: I told him I would only file one case. At that time, Mr. Hardesty then said fine, I will tell you everything that I know.

Q: Okay. But now, this conversation took place before the statements were signed, or before he gave you any information?

A: Yes, Sir.

Q: Okay. You didn't consider that to be a favor to not file cases on a person in exchange for them signing confessions or statements?"

At this point, the trial court sustained the prosecutor's objection "to what [the witness] considers something. It's an improper question. It's also outside the scope of voir dire." Defense counsel's objection to the admissibility of State's Exhibits Nos. 1 and 2 on the ground, *inter alia,* that they "were obtained after promises of leniency made by the officer" was overruled and the statements were admitted into evidence.

■ We hold the trial court erred in admitting State's Exhibit No. 1 concerning the Irving offense.

Officer Roberts' testimony at trial makes it clear that appellant gave the inculpatory content of that exhibit as a result of Roberts' promise he would file only one Irving case against appellant; *Walker v. State,* 626 S.W.2d 777 (Tex.Cr.App.1982); this testimony also demonstrates that Roberts in fact did not file two other Irving cases to which appellant had confessed, pursuant to their agreement. The totality of Roberts' testimony belies his repeated denials that he had "promised" appellant anything. See *McCrory v. State,* 643 S.W.2d 725 (Tex. Cr.App.1982).

■ An inculpatory statement obtained as a result of a benefit positively promised to the defendant made or sanctioned by one in authority [8] and of such a character as would be likely to influence a defendant to speak untruthfully is not admissible. *Walker,* supra; *Washington v. State,* 582 S.W.2d 122 (Tex.Cr.App.1979); *Fisher v. State,* 379 S.W.2d 900 (Tex.Cr.App.1964). State's Exhibit No. 1 falls into that category. See *Walker,* supra; and *Roberts v. State,* 545 S.W.2d 157 (Tex.Cr.App.1977). The judgment of conviction in Cause No. 68,448 must be reversed.

However, under the same criteria, we are constrained to conclude that State's Exhibit No. 2 does not fall into the prohibited category.

Detective Roberts' testimony was consistently positive and unequivocal that he

---

8. Law enforcement officers have been held to be persons in such a position of authority. See *Walker,* supra; *Pitts v. State,* 614 S.W.2d 142 (Tex.Cr.App.1981); *Fisher v. State,* 379 S.W.2d 900 (Tex.Cr.App.1964); *Ethridge v. State,* 133 Tex.Cr.R. 287, 110 S.W.2d 576 (1937); *Searcy v. State,* 28 Tex.App. 513, 13 S.W. 782 (1890).

told appellant he had no authority over offenses committed outside the city limits of Irving and he therefore could neither do nor promise anything regarding offenses committed by appellant in Grand Prairie. Nor did Roberts make his end of the "bargain" contingent upon appellant's making any inculpatory statement about offenses committed outside Irving. Accordingly, appellant's written statement admitting to a burglary committed in Grand Prairie (State's Exhibit No. 2) could not have resulted from the promise of benefit made by Detective Roberts.

We hold the trial court's admission of State's Exhibit No. 2 on the ground that it was voluntarily made did not constitute error.

Accordingly, appellant's first, second and third grounds of error in Causes 68,448 and 68,447 are overruled.

By his fourth and fifth grounds of error, appellant contends State's Exhibit No. 2 is inadmissible because it was obtained without administering the warnings required by Article 38.22, supra, § 2.[9]

■ It is sufficient to say the trial court's findings that the warnings given substantially complied with the requirements of the statute are supported by the record. Therefore, the trial court committed no error by admitting State's Exhibit No. 2 into evidence in Cause No. 68,448. Further, the trial court did not abuse its discretion by revoking appellant's probation in Cause No. 68,447 on the basis of this Grand Prairie conviction.

Appellant's fourth and fifth grounds of error are overruled.

The judgments of conviction in Causes 68,448 and 68,447 are affirmed. The judgment in Cause 68,449 is reversed and that cause is remanded to the trial court.

It is so ordered.

W.C. DAVIS, J., dissents.

9. Specifically, appellant complains the warnings contained at the top of the statement forms (which were read to him by Detective Roberts) are substantially different from those contained in the statute, viz: the statute requires both a warning that any statement made may be used against him at trial *and* that it may be used as evidence against him at court; the statute requires he be warned in the conjunctive that he has a right to counsel *and* if he is unable to employ counsel he has a right to appointed counsel, rather than in the disjunctive.