**Eulogio VALLES, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–002–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 5, 1986.

Larry M. Thompson, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Delonia A. Watson, Asst. Dist. Atty., Fort Worth, for state.

HOPKINS, FARRIS and KELTNER, JJ.

OPINION

FARRIS, Justice.

Appellant, Eulogio Valles, appeals from a conviction by a jury of the offense of murder. *See* TEX. PENAL CODE ANN. sec. 19.02 (Vernon 1974). The jury assessed punishment at fifty-five years confinement in the Texas Department of Corrections.

We affirm.

Appellant and a co-defendant were arrested and charged with murder. Both men were read their *Miranda*[1] rights in Spanish by the arresting officer, Bert Quintanilla. Neither appellant nor the co-defendant speaks, reads, or writes English.

Appellant was questioned the following day with Quintanilla acting as interpreter. Prior to the interview, Quintanilla again warned appellant of his rights. Appellant made a statement, which was transcribed into English by Quintanilla.

Later that day, Arlington Police Officer Ruben Puente questioned appellant in Spanish. Before beginning the questioning, Puente read the *Miranda* warnings to appellant in Spanish. Appellant signed a

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Spanish statement of warning sheet. Appellant acknowledged that he understood his rights, including his right to have an attorney appointed for him if he was unable to employ one, and wrote out and signed a second statement. This statement also contained a printed Spanish version of the *Miranda* warnings at the top. After the trial court denied appellant's motion to suppress, the second statement and a Spanish version of the warning sheet signed by appellant were admitted into evidence at trial.

It is undisputed that appellant was not represented by counsel when he made his statement. Nor is it contended that the statement was obtained by force, coercion, threat or was in any manner involuntary.

In his sole point of error, appellant complains that the trial court erred in failing to sustain his motion to suppress the confession because the face of his statement does not meet the requirements of TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979). Article 38.22 provides, in pertinent part, that:

Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:

. . . .

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; . . .

The warnings on the face of appellant's handwritten statement say, "[s]i no puedo emplear un abogado, yo tengo el derecho de que se me mobre un abogado para que me aconseje antes y durante qualquier in-

terragatorio; . . ." Officer Puente translated this sentence to mean, "[i]f I cannot employ an attorney I have the right that an attorney be appointed to counsel with me before and after any interviews." Officer Puente also testified that the word "mobre" was misspelled and should have been "nombre."

A witness for appellant testified that the same sentence translated to English would read, "if you cannot employ an attorney, you have the right that an attorney 'mobre,' to advise you before and during whatever interview." He stated that the sentence did not make sense in Spanish because there is no Spanish word "mobre," which is used when the Spanish word for "appointed," or "nombre," should have been used. Thus, appellant claims, the face of the statement does not show that he was sufficiently warned of his right to have an attorney appointed for him and his statement should have been suppressed.

■ We disagree. Although article 38.22 requires that it be shown on the face of the statement that the statutory warnings have been given to an accused before his statement is made, a strict verbatim rendition of the warnings is not required. *See Penry v. State*, 691 S.W.2d 636, 643 (Tex. Crim.App.1985); *Hardesty v. State*, 667 S.W.2d 130, 135 (Tex.Crim.App.1984); *Eddlemon v. State*, 591 S.W.2d 847, 850 (Tex. Crim.App.1979). The statute is complied with even though slightly different language is used, so long as the warning conveys on the face of the statement the precise meaning of the statute. *Penry*, 691 S.W.2d at 643; *Eddlemon*, 591 S.W.2d at 850.

In *Darden v. State*, 629 S.W.2d 46 (Tex. Crim.App.1982), the defendant received the warning required under TEX.FAM.CODE ANN. sec. 51.09(b)(1)(C) (Vernon 1986) to be given a juvenile, including the warning that:

(C) If he is unable to employ an attorney, he has the right to have an attorney to counsel with him prior to or during any

interviews with peace officers or attorneys representing the state; . . .

TEX.FAM.CODE ANN. sec. 51.09(b)(1)(C) (Vernon 1986).

Appellant, in *Darden*, asserted that this warning was insufficient to comply with article 38.22 and *Miranda* since it did not inform him that a lawyer would be appointed for him if he was unable to employ counsel. *Darden*, 629 S.W.2d at 49. The court stated that appellant's statement was admissible only if it was shown to be in compliance with article 38.22 and *Miranda*. *Id.* at 50. The court concluded "that the warning actually given, although in slightly different language, conveyed the same meaning of the warning contained within Art. 15.17, . . . and was therefore sufficient to satisfy Art. 38.22. . . ." *Id.* at 51. The court further found that the warning given appellant satisfied the *Miranda* requirement that he be informed that an attorney will be appointed for him if he is unable to afford one. *Id.*

 In this case, the record reveals that the Spanish warnings at the top of appellant's second statement comply with the statutory language used in article 38.22. *See Penry*, 691 S.W.2d at 643; *Darden*, 629 S.W.2d at 51. The word "mobre" did not convey an erroneous impression to appellant, but was a misspelled word that had no meaning at all. Warnings on the face of appellant's statement that would otherwise comply with article 38.22 will not be rendered inadequate because of a misspelled word or a "scrivener's error." *See Eddlemon*, 591 S.W.2d at 850; The Texas Confession Statute: Some New Wine in the Same Old Bottle, 10 TEX.TECH L.REV. 67,73 (1978).

Furthermore, the record indicates appellant was informed on several occasions in Spanish of his rights, including his right to an attorney and to have one appointed for him if he could not hire one. *See Martinez v. State*, 635 S.W.2d 629, 633 (Tex.App.—Austin 1982, no writ). This information is also included on a statement of warning sheet signed by appellant at approximately the same time as he signed his statement.

There is no evidence that appellant failed to understand his rights when he made his statement.

Accordingly, we find no error in the trial court's ruling that appellant was advised of his rights in a manner that substantially complied with article 38.22. Appellant's point of error is overruled.

Judgment affirmed.