IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-059-CR





TONY JOHNSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT



NO. 93R-007, HONORABLE DAN R. BECK, JUDGE PRESIDING



 





PER CURIAM

 After accepting appellant's guilty plea and judicial confession, the district court
found appellant guilty of aggravated robbery. Tex. Penal Code Ann. § 29.03 (West 1994). (1) 
Pursuant to a plea bargain agreement, punishment was assessed at imprisonment for fifty years
and a $2000 fine.

 In his first point of error, appellant contends the district court erred by overruling
the motion to suppress his videotaped confession. At the hearing on appellant's motion to
suppress, appellant testified that Fayette County deputy Kenneth Schmidt threatened him with
prosecution for additional offenses if he did not give a statement. Appellant also testified that
Schmidt promised that he would receive a lighter sentence if he did give a statement. Schmidt
denied making any such threat or promising any such benefit. Schmidt did, however,
acknowledge telling appellant that "I would tell the county attorney that he cooperated with me." 
Appellant argues that this was a "suggestion of a benefit" that rendered his confession involuntary
and inadmissible.

 A confession is not admissible if it is given as a result of a benefit positively
promised to the defendant by one in authority and the promised benefit is of such character as
would likely influence a defendant to speak untruthfully. Freeman v. State, 723 S.W.2d 727, 729
(Tex. Crim. App. 1986); Hardesty v. State, 667 S.W.2d 130, 134 (Tex. Crim. App. 1984). 
Appellant argues that this cause is analogous to those in which a defendant is told that a confession
may be used "for or against him." This has been deemed an improper inducement because it
holds out the possibility of a benefit to the defendant as a result of a confession. Dunn v. State,
721 S.W.2d 325, 341 (Tex. Crim. App. 1986). Appellant argues that Schmidt's promise to tell
the county attorney that appellant cooperated similarly held out the possibility of a benefit should
he confess.

 We believe that Dunn and similar cases are distinguishable from the cause before
us. In those cases, the suggestion that the defendant might benefit from confessing was expressly
made by the officer who took the confession. In this cause, Schmidt did not tell appellant that a
confession might be used for him or that he might otherwise benefit from confessing. 

 In Muniz v. State, 851 S.W.2d 238 (Tex. Crim. App. 1993), the defendant was told
by the officer who took his confession that defendants who confess are sometimes shown lenience. 
The Court of Criminal Appeals held that this was merely a statement of fact and did not constitute
a positive promise of lenience in return for a confession. Id. at 254. We believe that Schmidt's
statement to appellant was more innocuous than the statement in Muniz. Unlike the defendant in
Muniz, appellant was not told that the county attorney is sometimes lenient with defendants who
confess. Appellant was told only that the county attorney would be informed that he cooperated. 
This was little more than a statement of the obvious fact that appellant's confession would come
to the attention of the prosecutor. We conclude that Schmidt's statement was not a positive
promise of a benefit should appellant confess.

 We have viewed appellant's videotaped confession. There is nothing in appellant's
appearance or manner on the videotape to suggest that he was reluctant to give the statement. 
After confessing, appellant states that no threats or promises were made to him. The district
court's conclusion that appellant's confession was not the product of any promise or coercion is
amply supported by the record. Point of error one is overruled.

 Appellant's second point of error complains of the district court's failure to make
and file written findings and conclusions regarding the voluntariness of the confession. Tex. Code
Crim. Proc. Ann. art. 38.22, § 6 (West 1979). After appellant's brief was filed, the district court
filed its written findings of fact and conclusions of law and they were forwarded to this Court in
a supplemental transcript. Accordingly, this point of error is overruled as moot. Lewis v. State,
815 S.W.2d 560, 564 (Tex. Crim. App. 1991).

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: September 14, 1994

Do Not Publish

1.   This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993
Tex. Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994, have
no substantive effect on this offense, the current code is cited for the sake of convenience.