IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-94-244-CR




MARK EDWARD DOHERTY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0935291, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated robbery and assessed punishment,
enhanced by a previous felony conviction, at imprisonment for forty-two years. Tex. Penal Code
Ann. § 29.03 (West 1994). (1) We will affirm.

 In his only point of error, appellant contends the district court erred by refusing
to suppress his written confession. Appellant contends the confession was involuntary because
of an "implied promise of a benefit" made by the person who took the confession, Austin police
officer Steve Hamblin. Questioned by defense counsel outside the jury's presence, Hamblin
repeatedly denied making any promises to appellant in exchange for the confession. Hamblin did,
however, acknowledge telling appellant that "the information would be presented to the District
Attorney and that they would go with it from there." Asked by counsel if a person in appellant's
position would understand that to mean that "he is going to get some slack . . . if he cooperates,"
Hamblin replied, "Perhaps some slack, but I don't use the words, and whatever they take from
what I say, that is their decision, that's their interpretation."

 A confession is not admissible if it is given as a result of a benefit positively
promised to the defendant by one in authority and the promised benefit is of such character as
would likely influence a defendant to speak untruthfully. Freeman v. State, 723 S.W.2d 727, 729
(Tex. Crim. App. 1986); Hardesty v. State, 667 S.W.2d 130, 134 (Tex. Crim. App. 1984). 
Appellant refers us to Dunn v. State, 721 S.W.2d 325 (Tex. Crim. App. 1986), and Sterling v.
State, 800 S.W.2d 513 (Tex. Crim. App. 1990). In Dunn, the defendant was told that a
confession may be used "for or against" him. The court held that this was an improper
inducement because it held out the possibility of a benefit. Dunn, 721 S.W.2d at 341. The
defendant in Sterling was told the same thing, and also told that "they might go easy" on him if
he confessed. Again, the confession was deemed involuntary. Sterling, 800 S.W.2d at 518-19. 
In each case, the officer who took the confession expressly suggested that the defendant might
benefit from confessing. In the cause before us, Hamblin did not tell appellant that a confession
might be used for him or that things might go easy for him if he confessed.

 We agree with the State that this cause is controlled by Muniz v. State, 851 S.W.2d
238 (Tex. Crim. App. 1993). In that case, the defendant was told by the officer who took his
confession that defendants who confess are sometimes shown lenience. The Court of Criminal
Appeals held that this was merely a statement of fact and did not constitute a positive promise of
lenience in return for a confession. Id. at 254. Hamblin's statement to appellant was more
innocuous than the statement in Muniz. Hamblin did not tell appellant that the district attorney
is sometimes lenient with defendants who confess. Appellant was promised only that the district
attorney would be told he cooperated. This was little more than a statement of the obvious fact
that appellant's confession would come to the attention of the prosecutor. Hamblin's statement
was not a positive promise of a benefit should appellant confess. 

 It may be that appellant hoped to benefit by confessing. If he did, this did not
render his confession involuntary in the absence of any positive promise of a benefit made by a
person in authority. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: February 1, 1995

Do Not Publish

1. There is no substantive difference between section 29.03 as it now reads and as it read at
the time of this offense.