No. 04-00-00609-CR



Danny MARTINEZ


Appellant



v.



The STATE of Texas,


Appellee



From the 79th Judicial District, Jim Wells County, Texas


Trial Court No. 99-12-10311


Honorable Terry A. Canales, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Alma L. López , Justice

 Catherine Stone, Justice

 Karen Angelini, Justice


Delivered and Filed: October 17, 2001


AFFIRMED

 Appellant, Danny Martinez, appeals his conviction for capital murder, arguing that the trial
court erroneously denied his motion to suppress. We overrule Danny's issues and affirm the
judgment of the trial court.

BACKGROUND

 On November 10, 1999, Simona Morante was found murdered in her home. Premont's Chief
of Police, Fidencio Hinojosa, was called to investigate. After securing the scene, Chief Hinojosa
called the Texas Rangers for assistance and advised Sergeant Marcella Araujo to canvas the area.
Sergeant Araujo returned to the scene with Lewey Martinez, Danny's brother. Chief Hinojosa,
knowing that Danny had escaped from the Texas Youth Commission, asked Lewey about Danny's
whereabouts but Lewey claimed that he had not seen his brother Danny. Chief Hinojosa then asked
Lewey if they could search for Danny at his grandmother's house. Although Lewey did not allow
them to search his grandmother's house, Chief Hinojosa and Sergeant Araujo, nevertheless, followed
Lewey home. 

 Upon arriving, Chief Hinojosa spoke with Belinda Martinez, Danny's mother, who informed
him that Danny was in the house. Chief Hinojosa, without a warrant, entered the home and took
Danny into custody and placed him under arrest. As Danny was escorted to the police unit, Danny
yelled out "I hope you [explicative] die the way she did." Danny was taken to the Jim Wells Annex
Building, a designated juvenile building, where he was brought before a magistrate and charged with
the capital murder of Simona Morante. Danny subsequently confessed to the murder. 

 Defense counsel moved to suppress Danny's confession. The trial court conducted an
evidentiary hearing and denied the motion. Danny was tried by a jury and convicted of capital murder
for which he received life imprisonment. Danny appeals his conviction and argues that the trial court
erroneously denied his motion to suppress. 

STANDARD OF REVIEW

 We review the trial court's ruling on a motion to suppress for abuse of discretion. Davis v.
State, 22 S.W.3d 8, 11 (Tex. App.--Houston [14th Dist.] 2000, no pet.). In doing so, we apply a
bifurcated standard of review. See Tuy Pham v. State, 36 S.W.3d 199, 202 (Tex. App.--Houston
[1st Dist] 2000, no pet.). We give the trial court "almost total deference to [its] determination of the
historical facts, as well as the court's rulings on 'application of law to fact questions' (also known as
'mixed questions of law and fact') if the resolution of those ultimate questions turns on an evaluation
of witness credibility and demeanor." In the Matter of C.R., 995 S.W.2d 778, 782 (Tex.
App.--Austin 1999, pet. denied). However, we review de novo the trial court's rulings on "mixed
questions of law and fact" not turning on witness credibility and demeanor. Id. We consider only
the evidence introduced at the hearing on the motion to suppress in determining whether the trial
court's ruling is supported by the record. See Hardesty v. State, 667 S.W.2d 130, 133 n.6 (Tex.
Crim. App. 1984). 

DISCUSSION

 In his first issue, Danny asserts that the trial court erroneously denied his motion to suppress
because he was illegally arrested. In particular, Danny asserts that at the time of his arrest, Chief
Hinojosa, the arresting officer, did not have an arrest warrant. Because the trial court's decision to
grant or deny Danny's motion to suppress is a "mixed question of law and fact" not turning on
witness credibility and demeanor, we review the record de novo. 

 Chief Hinojosa testified he knew Danny had escaped from the Texas Youth Commission.
Consequently, when Belinda informed Chief Hinojosa that Danny was inside the house, he asked and
was given permission to enter the home. Chief Hinojosa entered the home, detained, and arrested
Danny on the ground that he was an escapee of the Texas Youth Commission. Although Chief
Hinojosa did not have an arrest warrant, section 61.093(a)(1) of the Human Resources Code
provides, "If a child who has been committed to the [Texas Youth Commission] and placed by it in
any institution or facility has escaped[,] . . . a sheriff, deputy sheriff, constable, or police officer may,
without a warrant, arrest the child." Tex. Hum. Res. Code Ann. § 61.093(a)(1) (Vernon Supp.
2001). Accordingly, under Texas law, Chief Hinojosa did not need a warrant to arrest Danny.
Therefore, we find that Danny's arrest was legal and overrule issue one. 

 In his second issue, Danny asserts that the trial court erroneously denied his motion to
suppress because the State failed to comply with section 52.02(b) of the Family Code. However,
Texas Rules of Appellate Procedure require, as a prerequisite to complaining on appeal, that the
record show "the complaint was made to the trial court by a timely request, objection, or motion."
Tex. R. App. P. 33.1(a)(1). In this case, Danny did not complain of a section 52.02(b) Family Code
violation in either his motion to suppress or at the hearing on the motion. Because Danny complains
for the first time on appeal, this ground for review has been waived. See Jeffley, 38 S.W.3d at 853.
Therefore, we overrule issue two.

CONCLUSION

 We conclude that the trial court did not abuse its discretion in denying Danny's motion to
suppress. Therefore, we overrule Danny's two issues and affirm the judgment of the trial court.


 Alma L. López, Justice

Do Not Publish