# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-01-00209-CR

---

**Casey Lohse, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-00-0140-S, HONORABLE BEN WOODWARD, JUDGE PRESIDING**

---

A jury found appellant Casey Lohse guilty of the offense of possession of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a) (West Supp. 2002). The court assessed punishment at eight years in prison, suspended imposition of the sentence, and placed appellant on community supervision for eight years. Appellant contends that the court erred in denying her pretrial motion to suppress evidence because, at the hearing, the State failed to present for the court's review a valid capias for the arrest of a third party. We will affirm the judgment.

Appellant filed a pretrial motion to suppress and contended generally that she was arrested illegally and that the seizure of items incident to her arrest was unlawful. The only witness at the pretrial suppression hearing was San Angelo Police Officer Todd Reed. On August 28, 1999,

at approximately 9:00 a.m., Officer Reed was on patrol when he observed appellant commit a traffic violation by failing to signal within 100 feet of making a turn. Officer Reed stopped appellant for the traffic violation. Officer Reed asked appellant for identification and insurance and while doing so noticed that appellant's front-seat passenger was very nervous; he also asked the passenger to identify herself. Officer Reed ran a driver's license and warrant check on both appellant and her passenger. He learned from the computerized national reporting system that the passenger had an outstanding capias for arrest for the offense of possession of marihuana. Relying on the computer generated information, Officer Reed arrested appellant's passenger, seated her in the back of his patrol car, and called for an assisting officer.

Appellant remained in the driver's seat of her car while Officer Reed conducted a search of the passenger compartment incident to the arrest of appellant's passenger. In the passenger-side door pocket, Officer Reed noticed a soft-sided eyeglass case, opened it, and found a plastic bag that contained two small heart-shaped cookies that were tan in color. He removed the cookies and found another plastic bag containing a white powdery substance. Also, in the eyeglass case, he found a film canister containing two small plastic bags; one contained a brown-colored substance which he believed was methamphetamine and the other contained a white powdery substance which he believed was cocaine. The assisting officer conducted a chemical field test on the substances which tested positive for methamphetamine and cocaine. Also, in the passenger

2

compartment was appellant's purse which contained a driver's license covered in a white powdery substance.[1] The officers arrested appellant for possession of cocaine.

At the suppression hearing, although Officer Reed recited the number of the capias and testified that he had seen it, the State did not produce the capias for the court's review. Following Officer Reed's testimony, appellant "challenged the existence of a [capias] for the arrest of [appellant's passenger]." Appellant argued that without seeing the capias, it was impossible for the court to determine whether it was valid. Appellant argued that all the evidence recovered in the search of her car should have been suppressed because the State failed to provide for the court's review a valid capias for appellant's passenger's arrest. The State responded that Officer Reed's testimony was sufficient to establish the existence of the capias and that there was no evidence to support a challenge to the validity of the capias. The court overruled the motion to suppress.

At trial, during Officer Reed's testimony, the State moved to admit as evidence a certified copy of the capias for appellant's passenger's arrest. Appellant objected to the admission of the capias and argued that the court should have granted her pretrial motion to suppress the evidence because the State failed to present the capias for the court's review at the pretrial hearing.

---

[1] Although not presented as a point of error, appellant argues in her appellate brief that no reason was given for the search of her purse, and that the officers searched her purse without probable cause, without a warrant and without her consent. According to Officer Reed's testimony, appellant's purse was located in the passenger compartment of the car.

In a search incident to the arrest of a car passenger, the area searched may include the entire passenger compartment of the vehicle. *New York v. Belton*, 453 U.S. 454, 460-61 (1981). Further, once contraband is found during a search incident to arrest, the search is lawfully extended to the remainder of the vehicle and its containers as the officers then have probable cause to believe more contraband may be present in the car. *Guzman v. State*, 959 S.W.2d 631, 633-34 (Tex. Crim. App. 1998).

3

Appellant contended that, "in order for an arrest to be supported by a [capias], the Court has to see the [capias]." The trial court overruled appellant's objection and admitted the certified copy of the capias as evidence.

**Discussion**

Appellant contends that, despite the fact that the State presented a certified copy of the capias for appellant's passenger's arrest at trial, the court reversibly erred in denying her pretrial motion to suppress because the State failed to present a capias for the court's review and prove pretrial the existence of a valid capias based on probable cause that would allow the arrest of anyone in her car. Appellant asserts that a well-settled rule applies in this case: when an accused objects to the admission of evidence on the ground it was unlawfully seized and the State relies upon a search warrant, in the absence of a waiver, reversible error will result unless the record reflects that the warrant was exhibited to the trial judge. *Cannady v. State*, 582 S.W.2d 467, 469 (Tex. Crim. App. 1979). Although the rule developed in the context of search warrants, it also applies to arrest warrants. *Gant v. State*, 649 S.W.2d 30, 33-35 (Tex. Crim. App. 1983). Appellant contends that because the State failed to exhibit the capias for arrest of her passenger to the judge for his review at the pretrial hearing, the arrest of her passenger was unlawful, the search of the passenger compartment of her car conducted incident to that arrest was unlawful, and her arrest was unlawful. The State responds that appellant does not have standing to complain about a capias for the arrest of a third party.

4

In reviewing a suppression determination, we are deferential to the trial court and will reverse only if the court abused its discretion such that the decision is unsupported by the record. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996) (citing *Upton v. State*, 853 S.W.2d 548, 552 (Tex. Crim. App. 1993)). Generally, in determining whether a trial court's decision on a motion to suppress is supported by the record, we consider only evidence adduced at the suppression hearing because the court's ruling was based on it rather than evidence presented later at trial. *Rachal*, 917 S.W.2d at 809 (citing *Hardesty v. State*, 667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984)). This general rule, however, is inapplicable when the suppression issue is raised during the trial on the merits. *Id.* When the suppression issue is raised again at trial, with subsequent participation by the defense, consideration of the relevant trial testimony is appropriate for review. *See Rachal*, 917 S.W.2d at 809 (citing *Hardesty*, 667 S.W.2d at 135).[2]

In resolving this case, first, without addressing the State's lack-of-standing argument, we will assume without deciding that appellant has standing to challenge the search of her own car incident to her passenger's arrest which thereby led to her arrest. Second, we apply the *Rachal* court's reasoning in this case and consider the fact that the State produced the capias at trial for the court's review. Appellant raises no complaint about the court's overruling of her trial objection to the admission of the certified copy of the capias. Further, appellant makes no assertion that the capias was substantively defective. The record reflects that the capias was reviewed by the court and

---

[2] As the *Rachal* court observed, "Moreover, it would be unreasonable to ignore trial evidence in our review of the court's suppression decision only to be confronted by the evidence in our consideration of whether the error was harmless." 917 S.W.2d 799, 809 (Tex. Crim. App. 1996); Tex. R. App. P. 44.2.

determined to be valid. We hold that the trial court did not abuse its discretion when overruling appellant's motion to suppress. Appellant's issue is overruled. The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: April 18, 2002

Do Not Publish