

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0447-06

**RODOLFO RANGEL, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S AND APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS WICHITA COUNTY

**Per curiam. WOMACK, J., concurred. COCHRAN, J., filed a dissenting opinion in which JOHNSON, J., joined.**

## O P I N I O N

Rodolfo Rangel was convicted of, among other things, aggravated sexual assault of a child. The trial judge assessed his punishment at fifty years' imprisonment.

Rangel appealed, claiming that the trial judge's decision to admit a videotaped interview of the child-victim with a CPS investigator in lieu of the victim's testimony

violated his rights under the Confrontation Clause to the Sixth Amendment.[1] Rangel alleged that the videotaped interview was inadmissible because he did not have an opportunity to cross-examine the victim and the victim's statements constituted testimonial hearsay.[2] The court of appeals held that the victim's statements were testimonial under the United States Supreme Court's decisions in *Crawford v. Washington* and *Davis v. Washington*.[3] However, the court went on to hold that Rangel waived his confrontation challenge because he failed to avail himself of the procedure set out in Article 38.071, Section 2(b),[4] which, according to the court, "provides an effective alternative means to the traditional face-to-face confrontation at trial."[5]

Both Rangel and the State petitioned us for review. We granted both petitions.

The State's ground for review asks us to decide the following issue:

Did the court of appeals apply the correct analysis to determine that the statement of a four-year-old child was testimonial under *Crawford v. Washington*?

Directed at the court of appeal's holding that he waived his confrontation claim, Rangel's ground for review reads as follows:

---

[1] *Rangel v. State*, 199 S.W.3d 523, 532 (Tex. App.—Fort Worth 2006).

[2] *Id.*

[3] *Id.* at 535; *Crawford v. Washington*, 541 U.S. 36 (2004); *Davis v. Washington*, 126 S. Ct. 813 (2006).

[4] *Rangel*, 199 S.W.3d at 537.

[5] *Id.* at 536.

Whether [Rangel's] Sixth Amendment rights were violated when the unavailable complainant's testimonial hearsay statements were admitted into evidence pursuant to statutory authority.

We conclude that our decision to grant review of the State's and Rangel's petitions was improvident. We should make clear that in dismissing these petitions we are in no way endorsing the court of appeals's opinion. In her dissent, Judge Cochran does not address why the issues are not properly before us. In reviewing whether the court of appeals erred by holding that the videotaped statement of the victim is "testimonial" under *Crawford*, we are limited to considering only the evidence before the judge at the time the ruling was made.[6] A thorough review of the record reveals that all of the evidence—most importantly, the videotape and the evidence concerning the circumstances surrounding the interview—that would be required to properly analyze the court's ruling was admitted after the trial judge made his ruling on Rangel's confrontation objection. The issue was never consensually re-litigated by the parties at a later time.[7] We refuse to examine the propriety of a trial judge's ruling based on evidence that the trial judge had no opportunity to consider when he made his ruling. Judicial restraint and prudence prevent us from reaching out and grabbing issues simply because they are interesting and important. We will exercise our discretionary review authority only where the issues are properly presented for our consideration. By exercising

---

[6] *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000) (citing *Hoyos v. State*, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998); *Hardesty v. State*, 667 S.W.2d 130, 133 n. 6 (Tex. Crim. App. 1984)); *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996).

[7] *Rachal*, 917 S.W.2d at 809 (citing *Hardesty*, 667 S.W.2d at 135 n.6).

our discretionary review authority in this manner, it cannot be said, with any validity, that we "shirk our duty . . . ." The State's petition is therefore dismissed as improvidently granted. Further, because our decision to grant review of Rangel's petition was predicated on our decision to address the threshold "testimonial" issue, we also dismiss Rangel's petition as improvidently granted.


DATE DELIVERED: February 13, 2008
PUBLISH