

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1540-07

**GARLAND JEROME VENNUS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### HARRIS COUNTY

**Meyers, J.,** *filed a dissenting opinion.*

### DISSENTING OPINION

The State's Petition for Discretionary Review reflects a fundamental misconception of the mechanics and legalities of a pretrial suppression hearing. Unfortunately, the State shows an even greater misunderstanding of the role of the court of appeals in appellate review of the hearing. However, I do admire its powers of persuasion in inducing the majority to not only rescue the State from its ignorance, but to have this Court expand the scope of review of the courts of appeals in dealing with their

analyses of suppression hearings.

In this Petition for Discretionary Review, the State's position is presented as such: "the court below erroneously failed to hold [A]ppellant estopped from complaining that the trial court abused its discretion by denying his motion to suppress."[1]  What this statement basically presumes is that the court of appeals's authority extended to a review of the logistics of admissibility and preclusion of the evidence the trial court accumulated at the suppression hearing.  This is simply not the case.

A legal sufficiency review has always been (up until now) limited to what evidence the fact-finder relied upon: "an appellate court's review of the record itself is generally limited to the evidence before the trial court at the time of the trial court's ruling."  *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).  We may not expand the record to make the officers' testimony sufficient by imagining what the State could have shown; and, we "may not re-evaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the fact-finder."  *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Unfortunately, the State did not appreciate the tremendous advantage offered it in suppression hearings–the Rules of Evidence do not apply.  *See* TEX. R. EVID. 104(a); *Granados v. State*, 85 S.W.3d 217, 227 (Tex. Crim. App. 2002).  Apparently the suppression hearing herein was conducted by observing all of the traditional rules

---

[1]*See* State's Petition for Discretionary Review at 11.

applicable to a *trial*.

But the crux of the State's Petition for Discretionary Review is its argument that the court of appeals erred in not recognizing estoppel based on some concept of invited error. While I see a lot of what is considered invited error in the record, I only see the State sending out invitations. It must be remembered that courts of appeals do not review anything but the evidence supporting the trial judge's ruling. The State's brief to the court of appeals tells it best:

> The scope of review of a trial court's evidentiary ruling at a hearing on a motion to suppress evidence is ordinarily the evidence before the trial court at the time of the ruling. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000) (appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made); *Hoyos v. State*, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998); *Hardesty v. State*, 667 S.W.2d 130, 133 n. 6 (Tex Crim. App. 1984).[2]

It is convenient that the majority can evade the limitations of review and hypothesize with such certainty what could-have-been for the State. As the State concedes, the morsels of information in the record do not amount to reasonable suspicion. Based upon the record alone, I would affirm the court of appeals. Therefore, I respectfully dissent.

Meyers, J.

Filed: April 22, 2009

Publish

---

[2]*See* State's Appellate Brief at 9.