IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1551-10





 

GARY LYN BLACK, Appellant


 

v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


JOHNSON COUNTY





 Meyers, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N 



 The warrants at issue here were defective, thus the trial court erred in denying
Appellant's motion to suppress evidence gained from the invalid stop. The trial court did
not adequately address the inconsistencies in the dates of the arrest warrants, nor were the
court's findings supported by the evidence presented. The State did not fulfill its burden
in proving the validity of the warrants during the initial suppression hearing, and the
prosecutor's attempt to remedy the faulty hearing during trial should have been prohibited
by the court.

 Appellant was stopped by an officer acting on behalf of an undercover
investigator. The stop was based on active warrants for his arrest for offenses including 
Failure to Appear and Displaying Expired License Plates. Both warrants were signed and
issued by Judge Jacobs on April 19, 2007, but the requisite affidavits were not sworn until
April 20, 2007 and May 1, 2007, respectively. During the search of the vehicle incident to
Appellant's arrest, the officer found drugs in Appellant's vehicle.

 Appellant filed a motion to suppress evidence on the ground that the arrest was
conducted without a warrant, and concluded that the basis for the stop was invalid
because the supporting affidavits were made after the warrants were issued. The State
presented testimony from the clerk of the court regarding the failure to appear offense and
from the arresting officer about Appellant's displaying expired license plates charge. The
trial court denied the motion to suppress. After the trial began, the State requested to
reopen the suppression hearing outside of the jury's presence. The court allowed Judge
Jacobs to testify that she was present when Appellant failed to appear and she issued the
warrant thereafter. This statement was used by the court of appeals in ruling that Tex.
Code Crim. Proc. art. 45.103 allowed the judge to issue the arrest warrant without a
sworn complaint for failure to appear. (1) Black v. State, No. 10-08-00290-CR, 2010 Tex.
App. LEXIS 7263, at *2 (Tex. App.-Waco Sept. 1, 2010, pet. granted) (mem. op., not
designated for publication). 

 Both warrants had problems with back-dating, creating suspicion as to the integrity 
of the stop. The arrest warrant for Appellant's failure to appear is particularly troubling
because there is no supporting evidence to indicate that the offense occurred in view of
Judge Jacobs. The State likely knew the suppression hearing was weak and probably
would not stand up to appeal, so the prosecutor requested to supplement the record after
trial commenced. 

 Judge Jacobs's brief statement asserting that the offense of failure to appear
occurred in her view is not supported by any evidence other than her testimony. Her
account of the events at the court is contrary to the manner courts generally handle an
instance when the defendant fails to appear. Typically, a court clerk manages the docket
and makes note of non-appearances. The judge has little to no involvement with this
process. Even if a judge had knowledge of the offense, the offense does not necessarily
occur in his or her view, within the plain meaning of the statute. Therefore, I do not
believe that the trial court should have applied Tex. Code Crim. Proc. art. 45.103 in
determining that the offense occurred in the judge's view. 

 Based on the problems with the warrants here, I cannot support the majority's
contention that the reviewing court may consider evidence outside of the suppression
hearing without the consent of both parties. To do so here would allow the State to bolster
inadequate warrants with information that should not factor into the probable cause
determination of the warrant. See Massey v. State, 933 S.W.2d 141 (Tex. Crim. App.
1996). The trial court acted in contravention of our holding in Rachal v. State, 917
S.W.2d 799 (Tex. Crim. App. 1996) by reopening the suppression hearing without
Appellant's consent, and the court of appeals erred in reviewing Judge Jacobs's
testimony, taken beyond the suppression hearing, in violation of Hardesty v. State, 667
S.W.2d 130 (Tex. Crim. App. 1984). 

 This is not to comment on the validity of the majority's analysis in developing the
corollary rule, but if I had the majority I would instead focus on the issues with the lower
courts's actions, rather than distinguishing our cases. Accordingly, I would reverse the
decision of the court of appeals and remand for a new trial. 


 Meyers, J. 


Filed: February 15, 2012 

Publish 


1. Tex. Code Crim. Proc. art. 45.103. Warrant Without Complaint:

If a criminal offense that a justice of the peace has jurisdiction to try is committed within the
view of the justice, the justice may issue a warrant for the arrest of the offender.