

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-1551-10

---

### GARY LYN BLACK, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS JOHNSON COUNTY

---

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

The warrants at issue here were defective, thus the trial court erred in denying Appellant's motion to suppress evidence gained from the invalid stop. The trial court did not adequately address the inconsistencies in the dates of the arrest warrants, nor were the court's findings supported by the evidence presented. The State did not fulfill its burden in proving the validity of the warrants during the initial suppression hearing, and the

prosecutor's attempt to remedy the faulty hearing during trial should have been prohibited by the court.

Appellant was stopped by an officer acting on behalf of an undercover investigator. The stop was based on active warrants for his arrest for offenses including Failure to Appear and Displaying Expired License Plates. Both warrants were signed and issued by Judge Jacobs on April 19, 2007, but the requisite affidavits were not sworn until April 20, 2007 and May 1, 2007, respectively. During the search of the vehicle incident to Appellant's arrest, the officer found drugs in Appellant's vehicle.

Appellant filed a motion to suppress evidence on the ground that the arrest was conducted without a warrant, and concluded that the basis for the stop was invalid because the supporting affidavits were made after the warrants were issued. The State presented testimony from the clerk of the court regarding the failure to appear offense and from the arresting officer about Appellant's displaying expired license plates charge. The trial court denied the motion to suppress. After the trial began, the State requested to reopen the suppression hearing outside of the jury's presence. The court allowed Judge Jacobs to testify that she was present when Appellant failed to appear and she issued the warrant thereafter. This statement was used by the court of appeals in ruling that TEX. CODE CRIM. PROC. art. 45.103 allowed the judge to issue the arrest warrant without a sworn complaint for failure to appear.[1] *Black v. State*, No. 10-08-00290-CR, 2010 Tex.

---

[1]Tex. Code Crim. Proc. art. 45.103. Warrant Without Complaint:

App. LEXIS 7263, at *2 (Tex. App.–Waco Sept. 1, 2010, pet. granted) (mem. op., not designated for publication).

Both warrants had problems with back-dating, creating suspicion as to the integrity of the stop. The arrest warrant for Appellant's failure to appear is particularly troubling because there is no supporting evidence to indicate that the offense occurred in view of Judge Jacobs. The State likely knew the suppression hearing was weak and probably would not stand up to appeal, so the prosecutor requested to supplement the record after trial commenced.

Judge Jacobs's brief statement asserting that the offense of failure to appear occurred in her view is not supported by any evidence other than her testimony. Her account of the events at the court is contrary to the manner courts generally handle an instance when the defendant fails to appear. Typically, a court clerk manages the docket and makes note of non-appearances. The judge has little to no involvement with this process. Even if a judge had knowledge of the offense, the offense does not necessarily occur in his or her view, within the plain meaning of the statute. Therefore, I do not believe that the trial court should have applied TEX. CODE CRIM. PROC. art. 45.103 in determining that the offense occurred in the judge's view.

Based on the problems with the warrants here, I cannot support the majority's

---

If a criminal offense that a justice of the peace has jurisdiction to try is committed within the view of the justice, the justice may issue a warrant for the arrest of the offender.

contention that the reviewing court may consider evidence outside of the suppression hearing without the consent of both parties. To do so here would allow the State to bolster inadequate warrants with information that should not factor into the probable cause determination of the warrant. *See Massey v. State*, 933 S.W.2d 141 (Tex. Crim. App. 1996). The trial court acted in contravention of our holding in *Rachal v. State*, 917 S.W.2d 799 (Tex. Crim. App. 1996) by reopening the suppression hearing without Appellant's consent, and the court of appeals erred in reviewing Judge Jacobs's testimony, taken beyond the suppression hearing, in violation of *Hardesty v. State*, 667 S.W.2d 130 (Tex. Crim. App. 1984).

This is not to comment on the validity of the majority's analysis in developing the corollary rule, but if I had the majority I would instead focus on the issues with the lower courts's actions, rather than distinguishing our cases. Accordingly, I would reverse the decision of the court of appeals and remand for a new trial.

Meyers, J.

Filed:  February 15, 2012

Publish