

NUMBER 13-17-00111-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GILBERT MEZA,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.

On appeal from the 24th District Court of
Refugio County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant Gilbert Meza was convicted of deadly conduct, a third-degree felony. *See* Tex. Penal Code Ann. § 22.05(b) (West, Westlaw through Chapter 49, 2017 R.S.). By one issue, he argues that the trial court erred by admitting expert testimony from one of the State's witnesses. We affirm.

## I. BACKGROUND

On January 16, 2016, Officer Javier Ontiveros from the Refugio Police Department was dispatched to an apartment complex in response to reports of gunfire. Upon arrival, a Texas Department of Public Safety trooper informed Officer Ontiveros that three bullet shell casings had been located approximately ten feet to the right of the door to an apartment. Officer Ontiveros was concerned for the occupant's safety and contacted the property owner, who gave him permission to kick in the front door. Irene Zuniga was located unconscious in the back bedroom. She had cut marks on her chest and stomach and a bruise on her lip; when she awoke, she informed Officer Ontiveros that Meza struck her with the barrel of a firearm. According to Zuniga, she and Meza were in a dating relationship. Officer Ontiveros located and inventoried twenty firearms located within the apartment. None of the firearms matched the caliber of the bullet shells located outside; however, several boxes of ammunition were recovered from the apartment that matched the bullets located outside.

Investigator Daniel Madrigal of the Refugio Police Department visited the apartment complex on February 16, 2016. He noticed what appeared to be three bullet holes in the front door near the door knob. He also found three holes on the floor inside the apartment. At trial, he testified that he used trajectory rods to show the path of the bullets as they passed through the door from the outside and into the corresponding holes on the floor. He testified that Officer Ontiveros likely did not see the holes the night of the incident because there was a throw rug on the floor covering the holes. The holes in the door could be seen in the pictures taken by Officer Ontiveros the night of the incident.

Due to the location of the bullet shells and the bullet holes, Investigator Madrigal testified that the shooter would have had to be standing inside the rail of the patio facing the door.

The jury found Meza guilty on February 9, 2017. After hearing evidence on punishment, the jury returned a sentence of five years in the Texas Department of Criminal Justice—Institutional Division and a $2,000 fine. The trial court assessed punishment at five years suspended for ten years of community supervision and ordered Meza to pay $1,895 in restitution to the apartment complex owner for damage to the door, forfeit his concealed handgun permit, avoid contact with Zuniga, and attend a Substance Abuse Felony Punishment Facility. This appeal ensued.

## II. EXPERT TESTIMONY

In his sole issue, Meza argues that the trial court erred in admitting Madrigal's expert testimony concerning the identity of the holes found at the apartment.

### A. Standard of Review and Applicable Law

Under Rule 702, an expert must be qualified to testify. TEX. R. EVID. 702. To determine whether an expert witness is qualified, the trial court considers whether the witness has a sufficient background in a particular field and whether that background goes to the very matter on which the witness is to give an opinion. *Cuadros-Fernandez v. State*, 316 S.W.3d 645, 660 (Tex. App.—Dallas 2009, no pet.). "There are no definitive guidelines to determine whether a witness's education, experience, skill, or training qualifies that person as an expert." *Am. W. Airlines, Inc. v. Tope*, 935 S.W.2d 908, 918 (Tex. App.—El Paso 1996, writ dism'd).

Furthermore, under Rule 702, "the proponent of scientific evidence must show, by clear and convincing proof, that the evidence he is proffering is sufficiently relevant and

reliable to assist the jury in accurately understanding other evidence or in determining a fact in issue." *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *see Nenno v. State,* 970 S.W.2d 549, 560–61 (Tex. Crim. App. 1998); *Hartman v. State,* 946 S.W.2d 60, 62–63 (Tex. Crim. App. 1997); *Jordan v. State,* 928 S.W.2d 550, 553–55 (Tex. Crim. App. 1996); *Kelly v. State,* 824 S.W.2d 568, 572–73 (Tex. Crim. App. 1992). However, the reliability of "soft" science evidence may be established by showing that (1) the field of expertise involved is a legitimate one, (2) the subject matter of the expert's testimony is within the scope of that field, and (3) the expert's testimony properly relies upon or utilizes the principles involved in that field. *See Nenno,* 970 S.W.2d at 561; *Cuadros-Fernandez*, 316 S.W.3d at 656. (utilizing the same three-prong test to determine the reliability of evidence when "the expert's testimony is based on his experience and skill and not scientific methods and procedures").

"A trial judge's decision to admit expert testimony is reviewed for an abuse of discretion and may not be reversed unless that ruling fell outside the zone of reasonable disagreement." *Blasdell v. State*, 470 S.W.3d 59, 62 (Tex. Crim. App. 2015). In other words, the trial court's ruling must be upheld if it was within the zone of reasonable disagreement. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). In addition, the appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Hoyos v. State,* 982 S.W.2d 419, 422 (Tex. Crim. App. 1998); *Hardesty v. State,* 667 S.W.2d 130, 133 n. 6 (Tex. Crim. App. 1984).

## B. Discussion

Meza claims that Investigator Madrigal's testimony that the holes in the door and floor of the apartment were made by bullets was "merely a bare conclusion based on no

4

scientific method or technique." Therefore, Meza argues that Investigator Madrigal's testimony should have been excluded. *See Daubert v. Merrell Dow Pharms.,* 509 U.S. 579, 592–93 (1993). The State argues that the trial court did not abuse its discretion in admitting Investigator Madrigal's testimony. We agree with the State.

The State needed to show that the evidence it proffered was sufficiently relevant and reliable to assist the jury in accurately determining a fact in issue. *See Weatherred*, 15 S.W.3d at 542. To convict Meza for deadly conduct, the State needed to prove beyond a reasonable doubt that Meza fired a weapon at or in the direction of the habitation alleged in the indictment. *See* TEX. PENAL CODE ANN. § 22.05(b). The State offered Investigator Madrigal as an expert in identifying bullet holes. *See id.* This testimony would plainly assist the jury in determining whether Meza fired a weapon at the apartment.

Investigator Madrigal testified that no forensics or ballistics investigations were performed; rather, his conclusions were based on his observations and experience. When an expert's testimony is based on experience and skill, like Investigator Madrigal's testimony, and not on scientific methods, reliability of the evidence is determined by asking whether (1) the field of expertise involved is a legitimate one, (2) the subject matter of the expert's testimony is within the scope of that field, and (3) the expert's testimony properly relies upon or utilizes the principles involved in that field. *See Nenno,* 970 S.W.2d at 561; *see Cuadros-Fernandez*, 316 S.W.3d at 660. "This inquiry is somewhat more flexible than the *Kelly* factors applicable to Newtonian and medical science." *Coble v. State*, 330 S.W.3d 253, 274 (Tex. Crim. App. 2010).

Applying these factors, Investigator Madrigal's testimony established that the field of identifying bullet holes is a legitimate one because it plays an important role in crime

5

investigation and that he has performed similar investigations before. *See Cuadros-Fernandez*, 316 S.W.3d at 660. His testimony was within the scope of that field. His testimony also relied upon and utilized the principles in the field, mainly his firsthand knowledge of guns, bullets, and bullet holes gained over decades of experience. The trial court did not err in finding Investigator Madrigal's testimony to be reliable. *See id.*

Furthermore, Investigator Madrigal testified that he has been a law enforcement officer for thirty-five years. He has been an investigator for thirty years and has worked on more shooting cases than he can even remember. He further testified that he regularly works with guns as part of his job, and that given his knowledge and experience, the three holes in the door were made by bullets. Based on this information, the trial court did not err in finding that Investigator Madrigal was qualified as an expert to testify. *See id.* We conclude that the trial court did not abuse its discretion in admitting Investigator Madrigal's testimony. *See Blasdell*, 470 S.W.3d at 62; *see also* TEX. R. EVID. 702. We overrule Meza's sole issue.

## V. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of August, 2017.

6