PD-0094-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/21/2015 5:21:35 PM
Accepted 1/28/2015 9:43:16 AM
ABEL ACOSTA
CLERK

NO. _____

# IN THE COURT OF CRIMINAL APPEALS OF

## OF THE STATE OF TEXAS

## AT AUSTIN, TEXAS

---

No.14-14-00014-CR
IN THE COURT OF APPEALS
FOR THE
FOURTEENTH SUPREME JUDICIAL DISTRICT
AT HOUSTON

---

| | | |
|---|---|---|
| JUAN SALGADO | § | APPELLANT |
| V. | § | |
| STATE OF TEXAS | § | APPELLEE |

---

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

FILED IN
COURT OF CRIMINAL APPEALS

January 28, 2015

ABEL ACOSTA, CLERK

J. SIDNEY CROWLEY
214 Morton St.
Richmond. Tx. 77469
TBC No. 05170200
Attorney for Appellant

## INTERESTED PARTIES

<u>APPELLANT</u>
Juan Salgado
Texas Department of Criminal Justice
Correctional Division

<u>TRIAL COUNSEL</u>
Gilbert Villareal
1419 Franklin St.
Houston, Texas 77002

Maverick Ray
1419 Franklin St.
Houston, Texas 77002

<u>APPELLATE COUNSEL</u>
J. Sidney Crowley
214 Morton St.
Richmond, Texas, 77469

<u>STATE OF TEXAS</u>
Devon Anderson
District Attorney, Harris County
1201 Franklin St.
Houston, Texas 77002

Amanda Jean Greer
Assistant District Attorney
Harris County, Texas

# TABLE OF CONTENTS

INTERESTED PARTIES.............................................................................2

LIST OF AUTHORITIES..........................................................................4

STATEMENT REGARDING ORAL ARGUMENT.................................5

STATEMENT OF THE CASE.....................................................................6

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE....................7

GROUNDS FOR REVIEW.........................................................................8

GROUND FOR REVIEW NUMBER ONE
   The Court of Appeals erred when that Appellant was not illegally
   arrested.....................................................................................................9

PRAYER FOR RELIEF...............................................................................14

CERTIFICATE OF COMPLIANCE..........................................................15

CERTIFICATE OF SERVICE....................................................................15

APPENDIX  A. (OPINION BELOW)......................................................16

## LIST OF AUTHORITIES

Cases

Bell v. State, 724 S.W.2d 780 (Tex.Crim.App. 1986)............................................12

Black v. State , 362 S.W.3d 626, 630 (Tex.Crim.App. 2012)..................................10

Brown v. Illinois, 422 U.S. 590,604-05, 95 S.Ct. 2254 (1975)...............................11

Farmah v. State, 883 S.W.2d 674 (Tex.Crim.App. 1994)........................................12

Hardesty v. State, 667 S.W.2d 130, 133 (Tex.Crim.App. 1984)..............................10

Hayes v. Florida, 470 U.S. 811, 816, 105 S.Ct. 1643, 1647, 84 L.Ed.2d 705

(1985)...................................................................................................................9

Jackson v. State, 649 S.W.2d 317(Tex.App.-Amarillo 1983)..................................12

Reed v. State, 809 S.W.2d 940,944(Tex.App.-Dallas 1991)...................................10

Self v. State, 709 S.W.2d 602,666 (Tex.Crim.App.1986)........................................12

Weems v. State ,167 S.W.3d 350 (Tex.App.-Houston [14th Dist.] 2005, ref'd)........12

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that oral argument is not necessary in this case.

## STATEMENT OF THE CASE

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Appellant was convicted by a jury of the felony offense of indecency with a child. The court assessed his punishment at confinement in the Texas Department of Criminal Justice, Correctional Division , for a period of eighteen years years and a fine of $5000.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant's appeal was affirmed in an published opinion of the First Court of Appeals rendered December 23, 2014. No motion for rehearing was filed.

## GROUNDS FOR REVIEW

GROUND FOR REVIEW NUMBER ONE:

The Court of Appeals erred when it held that Appellant was not illegally arrested.

<u>GROUND FOR REVIEW NUMBER ONE</u>

The Court of Appeals erred when it held that Appellant was not illegally arrested.

<u>Argument and Authorities</u>

The Court of Appeals held that Appellant was not under arrest when he was transported from the restaurant where he worked to the police station in order to determine whether he was the correct suspect. The court then held that the statement Appellant gave was not the product of an illegal detention. The court of appeal's holding is simply not justified by the record.

A fair reading of the facts demonstrates that Appellant was involuntarily detained for further investigation. Officer Martinez herself stated that Appellant was being "detained". Appellant was transported to the police station in handcuffs. Martinez testified that if the complainant had not identified him he would have been released, which indicates that Appellant was in fact not free to leave while at the police station.

The protection of the Fourth and Fourteenth Amendments is triggered when the police, without probable cause or a warrant, forcibly remove a person from his home or place where he is entitled to be and transport him to the police station, where he is detained, although briefly, for investigative purposes. <u>Hayes v. Florida</u>, 470 U.S. 811, 816, 105 S.Ct. 1643, 1647, 84 L.Ed. 705 (1985). Such seizures, at least where not under judicial

supervision, are sufficiently like arrests to invoke the traditional rule that arrests may constitutionally be made only on probable cause. Id. at105 S.Ct. 1647. A detention for investigatory purposes must be limited; it must be temporary and last no longer than necessary to effect the progress of the stop. In Appellant's case he was not merely briefly questioned where he was but was taken to a police station so he could be identified and he was not free to leave. These factors indicate that he was under arrest at the time he was photographed. Reed v. State, 809 S.W.2d 940, 944 (Tex.App.-Dallas, 1991).

At the hearing on Appellant's motion to suppress, there was no testimony adduced from which the trial court could determine whether there was probable cause for the arrest. When appellate courts are asked to determine whether the trial court erred in overruling a pretrial motion the general rule is that the appellate court considers only evidence adduced at the hearing on the motion and may not resort to testimony subsequently elicited at trial because the ruling in issue was not based on the latter. Black v. State, 362 S.W.3d 626, 630, fn 13 (Tex.Crim.App. 2012); Hardesty v. State, 667 S.W.2d 130, 133 fn 6 (Tex.Crim.App. 1984). At the hearing Martinez testified simply that she was investigating a case of aggravated sexual assault. She related no facts of the alleged assault, the identity of the complainant, nor did she inform the court any of information that she had received concerning the offense from

the complainant or from anyone else, or facts that would even establish that an offense had been committed. Her entire testimony concerned establishing Appellant's identity. Even if her trial testimony is considered, it is similarly lacking in information. She stated that she reviewed the complainant's recorded interview and interviewed the complainant near the beginning of the investigation but never detailed what information she learned from those sources prior to Appellant's arrest. There was no evidence in the record at the motion hearing or at trial from which the trial court could have determined that Martinez had sufficient information to constitute probable cause for the arrest. The arrest was clearly illegal.

Appellant's recorded statement to Martinez was the fruit of the illegal detention. Evidence procured as the result of an initial illegality may be admitted if the connection between the illegality and the means through which the evidence was secured is so attenuated as to dissipate the taint. The United States Supreme Court, in determining whether the taint infecting the evidence obtained after an illegal arrest is sufficiently attenuated to permit use of the evidence at trial has identified four factors to be considered: 1) whether Miranda warnings were given; 2) the temporal proximity of the arrest and confession; 3) the presence of intervening circumstances; and 4) the purpose and flagrance of the official misconduct. Brown v. Illinois, 422 U.S. 590, 604-

05, 95 S.Ct. 2254, 45 L.Ed. 2d 416 (1975); Self v. State, 709 S.W.2d 662, 666 (Tex.Crim.App. 1986).

Miranda warnings alone are not enough to purge the taint of an otherwise illegal arrest. Bell v. State, 724 S.W.2d 780 (Tex.Crim.App. 1986). In Appellant's case the warnings were read only one time before the statement was given.

The statement was taken approximately an hour after Appellant's arrest, with no significant intervening circumstances. The fact that the complainant identified his photo prior to the statement does not mitigate the taint since the photo of Appellant was itself the fruit of the illegal arrest. See. Jackson v. State, 649 S.W.2d 317 (Amarillo, 1983). Appellant was not warned by a magistrate before he confessed. The second and third factors militate against the admissibility of the statement. The facts in Appellant's case are very similar to those of Weems v. State, 167 S.W.3d 350 (Tex.App.-Houston [14th Dist.] 2005, ref'd). In Weems, a case involving an arrest on an invalid warrant, this Court held that the first confession obtained shortly after the arrest was insufficiently purged of the taint of the arrest where the confession was taken two and a half hours after the arrest and there were no intervening circumstances. Appellant's statement was similarly tainted and inadmissible. See also, Farmah v. State, 883 S.W.2d 674 (Tex.Crim.App. 1994).

Under a fair reading of the testimony adduced at the hearing and at trial, a reasonable person in these circumstances would believe his freedom of movement was restrained to the degree associated with a formal arrest. The Court of Appeals disregarded a common sense evaluation of all the indicators of an involuntary detention that was associated with Appellant's statement.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court grant this Petition for Discretionary Review, that the case be set for submission; that after submission this Court reverse the judgement of the Court of Appeals and remand for a new trial.

Respectfully submitted,

/s/ J. Sidney Crowley

J. Sidney Crowley
214 Morton St.
Richmond, Tx. 77469
(281)232-8332
TBC No. 05170200

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 1599 words, generated by computer.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been e-served to the Harris County District Attorney's Office, and to Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, this the 21st day of January, 2015.

/s/ J. Sidney Crowley



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00014-CR

---

### JUAN SALGADO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1348922**

---

## M E M O R A N D U M   O P I N I O N

Appellant Juan Salgado appeals his conviction for indecency with a child on the ground that the trial court erred in overruling his motion to suppress his recorded statement. We affirm.

### I. BACKGROUND

Prior to trial appellant filed a motion to suppress his statement in which he argued that his recorded statement was obtained by an illegal arrest, and with no

knowing and intelligent waiver of his rights. The trial court held a hearing at which Officer Miraida Martinez and appellant testified. At the conclusion of the hearing the trial court denied appellant's motion to suppress.

Appellant, a distant relative of the complainant and her mother, was living in the front room of a duplex where the complainant lived. Appellant occasionally picked up the complainant from school and drove her to a babysitter's home where the complainant stayed until her parents finished work for the day. On one of those occasions appellant took the complainant to his room in the duplex where they all lived. When they entered the room appellant lowered his zipper and told the complainant to pull down her pants. The complainant testified that appellant got on top of her, and "pulled out his thing and he put it in mine." Afterward the complainant cleaned herself in the bathroom, and appellant took her to the babysitter's house. The complainant did not immediately tell anyone what happened, but later made an outcry to a teacher's assistant at her school.

Officer Martinez was assigned to investigate after the complainant's outcry, and was given appellant's name as a suspect. The mother told Martinez that appellant worked at a nearby restaurant she thought was named "Brenda's." The mother also described appellant as having tattoos and silver teeth. During her investigation, Martinez determined that appellant might work at Brennan's restaurant. She went to Brennan's and asked for appellant, but the manager told her no one named Juan Salgado worked there. Martinez later learned that appellant might be using the name Jose Najera at Brennan's.

Martinez and another officer went to the restaurant and asked the manager for Jose Najera. The manager pointed out an employee and Martinez approached

him calling him, "Juan."[1] The employee, later identified as appellant, responded, saying, "Que paso?" Martinez noticed the employee had silver teeth, and tattoos that had been described to her earlier in the investigation. Martinez explained that she was investigating a sexual assault case, and asked if appellant was willing to come to the police station to determine whether he was the suspect she was seeking. Appellant agreed to accompany her. Martinez explained to appellant that he would be transported in a patrol car in handcuffs per police department policy. They waited approximately 15 minutes for a patrol car to arrive and transport appellant to the police station.

When Martinez and appellant arrived at the police station, Martinez took a picture of appellant and generated a photo array to show the complainant. Martinez drove approximately 15 minutes to the complainant's location. Appellant waited at the police station while Martinez visited the complainant. When Martinez showed the photo array to the complainant, the complainant identified appellant as the person who had sexually assaulted her.

After the complainant identified appellant, Martinez drove back to the police station, and decided to question appellant. Prior to questioning appellant, Martinez read him his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966), and article 38.22 of the Texas Code of Criminal Procedure. Appellant indicated he understood his rights and waived them prior to making a statement. Martinez did not obtain an arrest warrant prior to the interview because she had reason to believe appellant would flee if he were released. She based this conclusion on the facts that appellant had previously fled to Mexico, and had used multiple identities in the past.

---

[1] The record reflects that appellant only speaks Spanish. When speaking with appellant Martinez also spoke Spanish.

3

Appellant's videotaped statement was then played at the hearing. In his statement appellant admitted that the complainant's babysitter had asked him to pick the complainant up from school approximately three times. Appellant admitted taking the complainant into his bedroom, and rubbing his penis on the complainant's leg.

At the hearing, appellant testified that he was handcuffed while in the restaurant, and placed in a car for more than an hour while waiting for the patrol car. Appellant testified that despite telling Martinez that he understood his rights, he did not understand his rights at the time he made his statement. At the conclusion of the hearing the trial court denied appellant's motion to suppress.

After the trial court denied appellant's motion to suppress, he pleaded not guilty and proceeded to trial on the charge of aggravated sexual assault of a child. At trial, the State presented the testimony of the teacher's assistant to whom the complainant made outcry, the forensic interviewer who interviewed the complainant, the physician who examined the complainant, the complainant's mother, and the complainant. Martinez testified to her investigation and the taking of appellant's statement. The State also admitted appellant's statement over his objection.[2] The jury found appellant guilty of the lesser-included offense of indecency with a child, and the trial court sentenced appellant to eighteen years in prison.

The trial court made the following pertinent findings of fact and conclusions of law:

**Findings of Fact**

7. Officer Martinez traveled to Brennan's where she once again spoke

---

[2] The videotaped statement is in Spanish. The trial court admitted a translated transcript of the statement into evidence.

4

to the manager who directed her to an employee known as Jose Najera.

8. As Officer Martinez approached the defendant at the restaurant, she called out, "Juan" and the defendant asked "Que paso?" and smiled, showing silver teeth.

9. Officer Martinez detained the defendant in an effort to determine if he was in fact the perpetrator in the case under investigation. Officer Martinez transported the defendant to an HPD office in a patrol car.

10. Officer Martinez took a photo of the defendant, put it in a photo spread, and showed it to the complainant while the defendant waited in an office.

11. After the complainant positively identified the defendant as the man who raped her, Officer Martinez read the defendant his rights and recorded her interview with the defendant.

12. The defendant was under arrest after Officer Martinez observed the complainant identify the defendant as the person who sexually assaulted her.

13. Officer Martinez believed the defendant would escape or abscond immediately were she to allow him to leave, due to his having used at least three different names, having gone to Mexico immediately after sexually assaulting the complainant, and his lack of legitimate identification and/or legal status in the United States.

14. The defendant stated he understood his rights and wanted to speak with Officer Martinez about the investigation.

15. The defendant was not denied any basic necessities and was, in fact, offered a soda.

16. The defendant never invoked his right to counsel, nor did he ever attempt to cease the interview.

17. The Court finds the State's witness, Officer Martinez, credible and accepts her testimony as true.

**Conclusions of Law**

1. Initially, the Court rules that the statement of the defendant was freely and voluntarily made.

2. The Court finds that the requirements of 38.22 were fulfilled.

3. Lastly, the Court finds that statement of the defendant is admissible.

In a single issue on appeal appellant argues that at the time he was placed in the patrol car at Brennan's he was under arrest without a warrant or probable cause. As a result of that arrest, appellant argues his statement was tainted and inadmissible. The trial court therefore erred in denying appellant's motion to suppress the statement.

## II. STANDARD OF REVIEW

We review a trial court's denial of a motion to suppress for abuse of discretion. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013); *Thomas v. State*, 297 S.W.3d 458, 459 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). We review the evidence in the light most favorable to the trial court's ruling. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). The trial court is the exclusive factfinder and judge of the credibility of the witnesses. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Turner v. State*, 252 S.W.3d 571, 576 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). We afford almost total deference to the trial court's determination of historical facts supported by the record, especially when the trial court's findings are based on an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the same amount of deference to the trial court's ruling on mixed questions of law and fact if the resolution of these questions turns on an evaluation of credibility and demeanor. *Id*. We review questions not turning on credibility and demeanor de novo. *Id*. If the trial court's decision is correct under any theory of law applicable to the case, the decision will be sustained. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

In reviewing a trial court's ruling, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than

evidence introduced later. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996). This general rule, however, does not apply when, as in this case, the parties consensually relitigate the suppression issue during the trial on the merits. *Id*.

## III. MOTION TO SUPPRESS

Appellant argues that the trial court erred in denying his motion to suppress the statement he made to Officer Martinez because he was in custody at the time he was detained at the restaurant, but was not read his rights until after the complainant identified him. He contends his statement made after receiving notification of his rights is the fruit of an illegal detention at the restaurant. Appellant asserts that because he did not receive these warnings until after the complainant identified him, all of his statements were inadmissible, and should have been suppressed. *See* Tex. Code Crim. Proc. Ann. art 38.22; *Miranda*, 384 U.S. at 444–45; *see also Missouri v. Seibert*, 542 U.S. 600, 609–11 (2004) (plurality op.) (discussing admissibility of statements made when "mid-stream" *Miranda* warnings are given).

*Miranda* warnings are given to "safeguard an uncounseled individual's constitutional privilege against self-incrimination during custodial interrogation." *Herrera v. State*, 241 S.W.3d 520, 525 (Tex. Crim. App. 2007). Additionally, article 38.22 of the Texas Code of Criminal Procedure governs the admissibility of statements made by an accused during custodial interrogation. Tex. Code Crim. Proc. Ann. art. 38.22; *see also Herrera*, 241 S.W.3d at 526. As with *Miranda* warnings, article 38.22 warnings are required only when the interrogation is custodial. Tex. Code Crim. Proc. Ann. art. 38.22, §§ 3(a), 5; *Herrera*, 241 S.W.3d at 526.

"A person is in 'custody' only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree

associated with a formal arrest." *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (citing *Stansbury v. California*, 511 U.S. 318, 322 (1994)). Our custody inquiry includes an examination of all objective circumstances surrounding the questioning. *Herrera*, 241 S.W.3d at 525. A person is not in custody if he "voluntarily accompanies police officers, who are then only in the process of investigating a crime, to a certain location, and he knows or should know that the police officers suspect he may have committed or may be implicated in committing the crime." *Turner v. State*, 252 S.W.3d 571, 579 (Tex. App.— Houston [14th Dist.] 2008, pet. ref'd). "Once the circumstances show the person is acting upon the invitation, urging or request of police officers, and not the result of force, coercion or threat, the act is voluntary and the person is not then in custody." *Id*. at 580.

In this case, there is evidence that appellant left Brennan's freely with Martinez. According to Martinez, appellant met the description of the suspect and responded to the name of the individual Martinez was investigating. Because she did not have positive identification, Martinez asked appellant to go to the police station, and appellant agreed. Martinez permitted appellant to sit in the backseat of her unmarked car until a patrol car arrived to transport him. Appellant testified that he did not understand his rights, and that he was handcuffed for over an hour before the patrol car arrived. While appellant's testimony differs from that of Martinez, the trial court was in the best position to evaluate the credibility of the witness and was free to disbelieve appellant's testimony. *See Mason*, 116 S.W.3d at 256. In its findings of fact, the trial court found Martinez credible and accepted her testimony as true.

The placing of handcuffs on a defendant does not, in and of itself, automatically mean he is in custody. *See Balentine v. State,* 71 S.W.3d 763, 771

8

(Tex. Crim. App. 2002) (holding appellant was not under arrest when officer placed him in handcuffs because while officer was conducting an investigation into shots being fired, officer learned the suspect had lied in response to previous questions and there was no bulletproof partition between the front and back seat); *Rhodes v. State,* 945 S.W.2d 115, 117–18 (Tex. Crim. App. 1997) (holding appellant was not under arrest because officer handcuffed suspect while his partner was chasing second suspect in a high crime area at night). Martinez explained to appellant that she "had an investigation going on" and was not sure if she "had the right person." Martinez asked appellant if he was willing to come to the police station to make sure she had the right person, and appellant "said okay." Martinez further testified that she handcuffed appellant for officer safety and explained to appellant that she typically handcuffed people she put in the backseat of a patrol car for officer safety.

Based on all of the evidence, we hold the trial court did not abuse its discretion in concluding appellant was not in custody prior to receiving his *Miranda* and article 38.22 warnings. Accordingly, appellant's statement was not the product of an illegal arrest. We overrule appellant's sole issue and affirm the trial court's judgment.

/s/ John Donovan
Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

9